UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIGITTE R. HAWKINS )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ALBERTO GONZALES, )<br>  ATTORNEY GENERAL, )<br>    Defendant. )<br>_____/ | CASE NO. 07CV00010 (CKK)<br>MOTION TO EXTEND DISCOVERY<br>(NEXT DATE: JANUARY 11, 2008<br>STATUS HEARING) |

<u>MOTION TO EXTEND DISCOVERY PERIOD</u>

    Plaintiff, by counsel, pursuant to FRCP 7(b), 26(d) and 56(f), moves the court to enter its order extending the time for completion of discovery in the above captioned cause. Efforts to reach Defendant, through counsel of record, to ascertain whether the Defendant would consent to the motion have been unsuccessful.[1] However, on November 20, 2007, the Court denied the Defendant's unopposed motion to extend discovery in this case, **without prejudice**, based upon the lack of any valid reasons justifying the extension.[2] Plaintiff now seeks the same relief based upon the fact that the **Defendant refused to cooperate with discovery until mediation occurred**, and that no discovery has been provided to the Plaintiff despite repeated attempts to secure the same. According to the Court's Order dated June 26, 2007, discovery will close on December 31, 2007. Plaintiff requests an extension of time to January 10, 2008,[3] the day before the scheduled status

---

[1] Plaintiff sent an e-mail on Friday, November 30, 2007, to AUSA Heather Graham-Oliver, inquiring as to whether the Defendant would consent to the motion. When no answer was received by Monday, December 3, 2007, another E-mail was sent seeking the consent of the Defendant. On Tuesday, December 4, 2007, a telephone call was placed to Mrs. Graham-0liver, and a message was left on her voice-mail requesting that she call counsel or send an e-mail indicating whether she consented. No response to the request has been received. The non-response is characteristic of the lack of cooperation regarding discovery that Plaintiff has encountered from the defendant in this case.

[2] The plaintiff insisted that the defendant file the motion for an extension of time since it was because of the agency's refusal to participate in discovery that the need for an extension arose. Thereafter, the defendant filed a feeble motion that masked the real reason why the extension was necessary.

[3] The Plaintiff has noticed depositions for the 18th of December, 2007.

hearing in this case, within which to complete discovery based upon the following reasons:

    1. The Defendant has repeatedly refused to respond to the Plaintiff's discovery requests on the grounds that 1) discovery provided Plaintiff at the administrative stage, in its opinion, was sufficient [4] and 2) it wanted to go to mediation before participating in any further discovery. The Court's scheduling order provided a period for mediation and specified that mediation **was to conclude on September 28, 2007.** No effort was made by the Defendant to request an extension from the Court of the **mediation** period before it expired.

    2. Mediation was scheduled by Judge Kay for September 17, 2007. Defendant's counsel was not available on that date and subsequent attempts to reschedule the mediation was delayed for the convenience of the Defendant until November 29, 2007. The reason advanced by the Defendant for the long scheduling delay was the Defendant's perceived need to have both agency counsel and a financial person from the agency to compute data regarding compensation (no such person appeared at the mediation). The mediation session before Judge Kay failed to resolve the controversy.

    3. Because the Court's scheduling Order stated that discovery in this case was to commence on October 1, 2007, Plaintiff served her First Set of Interrogatories as well as her First Request For Production of Documents on Defendant's counsel on October 4, 2007.

    4. On October 4, 2007, Plaintiff noticed depositions of three employees of the Defendant, to be held on the 29th of October, 2007. Counsel was requested to advise the Plaintiff, as soon as possible, if the date was inconvenient, in order to schedule the depositions at a more convenient time. (See Exhibit A).

    5. On October 10, 2007, and again on October 17, 2007, Plaintiff served two additional Requests for Production of Documents. In both cases, as well as the earlier requests on October 4, 2007, responses were due within thirty (30) days.

---

[4] At the administrative level, the Defendant refused to respond to the plaintiff's interrogatories and requests for production of documents, and refused to produce Deborah Gunter to be deposed. At the same time, the Plaintiff complied with all of the Defendant's discovery requests.

6. At no time has the Defendant filed a motion for a protective order under Rule 26(c) relative to the discovery requests, and the discovery requests of October 4, 10 and 17, 2007, have not been satisfied. Nor has information been provided regarding their non-production despite repeated requests from the Plaintiff.

7. When Plaintiff had not heard from the Defendant relative to the scheduled depositions, he wrote Defendant on the 16th of October inquiring relative to the availability of the witnesses of the 29th of October since he was preparing to schedule the court reporter. (Exhibit B).

8. On the 23rd and 24th of October, 2007, the Defendant advised Plaintiff that the agency would not produce the witnesses at the scheduled October 29th deposition and that they would make them available after October 29th and that the agency would file a motion to extend the discovery. (Exhibit C)

9. When no motion to extend the discovery had been filed by November 1, 2007, Plaintiff re-noticed the depositions on November 2, 2007, for the 16th of November 2007, and served subpoenas to compel the witnesses to attend. No motion to quash the subpoenas was filed by the Defendant. (Exhibit D).

10. On November 14, 2007, the Defendant advised that it was not going to attend the depositions scheduled for the 16th of November. (Exhibit E).

11. Thereafter, the Defendant filed the motion to extend discovery which the Court denied because no justification was provided other than mediation was scheduled. Up to this point in time, the Defendant refused to cooperate in discovery because 1) it believed that no discovery was needed because it had been satisfied with the discovery it had received at the administrative level and 2) despite the provisions of the Court's order, it did not want to participate in discovery until after mediation.

12. **The instant motion is the first request for an extension to be filed by the Plaintiff. The Defendant has refused to respond to Plaintiff's inquiry regarding consent to the relief sought**. The Court has not granted an extension to either party to date. The remaining period

allowed under the Court's discovery schedule overlaps the Christmas Holidays, during which it is difficult to schedule anything at the convenience of the parties.  **If the order is granted, the Plaintiff does not anticipate that any of the scheduled court dates will be affected**. [5]

13. Plaintiff has exercised due diligence to comply with the Court's scheduling Order, but has been frustrated by the conduct of the Defendant.  The Plaintiff has delayed bringing the matter to the Court's attention because the Court encourages the parties to resolve the discovery issues without Court involvement, and since the Defendant placed so much emphasis on mediation, it was believed that the defendant would bargain in good faith. The Defendant cannot claim prejudice in this matter since the Plaintiff is entitled to the discovery it seeks.

14. The Plaintiff seeks the additional time because the remaining period of discovery overlaps the Christmas Holiday Season, when many people are unavailable for business, and it has failed to date secure the cooperation of the Defendant.  The additional period would permit the necessary followup discovery, as well as time within which to raise any existing discovery issues with the Court should that become necessary.  In the event that there are remaining discovery issues, they can be addressed by the Court at the January 11, 2008, status conference.

POINTS AND AUTHORITIES IN SUPPORT OF MOTION

The above described refusal to cooperate in discovery mirrors the agency's conduct before the Equal Employment Opportunity Commission ("EEOC"), where a similar motion had to be filed because the defendant, as it has done here, refused to respond to interrogatories and requests for production of documents.  The inability of the Plaintiff to secure the Defendant's position on this motion is similarly uncooperative.  At the administrative level, the Defendant refused, as it does now, to produce Debbie Gunther as a witness.  There, as here, they followed a similar pattern of refusing to respond to interrogatories and requests for production of documents.  On two occasions, Plaintiff has scheduled depositions only to be advised that the defendant would not produce its witnesses.  Accordingly, Plaintiff has been unable to examine Gunter and Barbara Blackwood, the witness whose desk audit is at the heart of the controversy.  While maintaining that the discovery had

---

[5] Plaintiff has scheduled depositions for the 18th of December.

before EEOC was sufficient (which is correct **as applied to them** since Plaintiff cooperated with discovery there), Defendant refused to participate in mediation until the 29th of November, when more than half of the discovery period had passed. Thereafter, it hid behind the prospective mediation to avoid cooperating with discovery, or responding to discovery requests.

Under the civil rules, the parties are supposed to cooperate with discovery. Food Lion, Inc., v. United Food & Commercial Workers Int'l Union, 103 F.3d 1007, fn 20 (D.C. 1997)(court has wide discretion to use "inherent authority in an effort to encourage the opposing parties to cooperate responsibly with timely discovery efforts); See also, Smink v. IRS, 85 F.3d 617 (4th Cir. 1996). Cooperation, by its definition, implies that procedural obstacles will not be raised to shield evidence which is not otherwise privileged, and that the parties will not conduct discovery in an adversarial context. As the deadline for discovery approaches, discovery conduct that might have been considered "merely" discourteous at an earlier point in the litigation, may well breach a party's duties to cooperate with its opponent. See Residential Funding Group v. DeGeorge Fin. Corp., 306 F.3d 99, 112 (2d Cir.2002). The Court has discretion in managing its calender and has the freedom and discretion to extend or enlarge discovery. See, e.g., Northern Indiana Pub. Serv. Co. v. Carbon County Coal Co., 799 F.2d 265, 269 (7th Cir. 1986). In this case, Plaintiff was led to believe that the Agency would cooperate in discovery until she was notified on the eve of the deposition dates that it would not produce its witnesses to be deposed.

As noted above, courts have broad discretion relating to discovery. Where the requested discovery is highly relevant, essential to the proof of a claim and cannot be obtained through due diligence from another source, production has been ordered. Commercial Union Ins. Co., v. Westrope, 730 F.2d 729 (11th Cir. 1984)(abuse of discretion not to grant motion to compel deposition re relevant information); CSC Holdings, Inc. v. Redisi, 309 F.3d 988 (7th Cir. 2002). Before restricting discovery, a judge must consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it, and taking into account society's interest in furthering "the truthseeking function" in the particular case. Patterson v. Avery Dennison Corp., 281 F.3d 676 (7th Cir. 2002).

In the instant case, the Agency has engaged in serial refusal to cooperate in any manner in discovery, and has even refused to provide the Plaintiff with inexpensive answers to interrogatories or document requests. In this case, the depositions of the alleged discriminating official ("ADO") and other witnesses are essential to any proof of the Plaintiff's claims as well as her ability to disprove, as pretextual, any stated reason advanced as non-discriminatory. In this regard, the agency shielded Gunther from examination at the administrative level, and has repeatedly done so here. The Plaintiff has had to schedule depositions twice with a reporting company, only to cancel after meeting resistance from the agency. In this case, notice of a deposition was given on October 4, 2007, for the 29th of October, a period of over three weeks. Again, notice was given on the 2nd of November 2007, for the 16th of November. In each instance, the agency advised that it would not produce the witnesses to be deposed.

In ruling on a motion to regarding discovery, a judge is required to balance the competing interests. This duty has been described as a three-part test: 1) whether the information is relevant, 2) whether the information can be obtained by alternative means, and 3) whether there is a compelling interest in the information. LaRouche v. NBC, 780 F.2d 1134, 1139 (4th Cir. 1986); Ashcraft v. Conoco, Inc., 218 F.3d 282 (4th Cir.2000); Miller v. Transamerica Press, Inc., 621 F.2d 721, 726 modified, 628 F.2d 932 (5th Cir. 1980), cert. denied, 450 U.S. 1041(1981). Deposing the ADO will produce important information, which cannot be obtained from an alternative source and the Plaintiff has a compelling interest in the information. Similarly, deposing the official (Barbara Blackwood) who performed the crucial desk audit is imperative, since she is the only person who can testify regarding the methodology used to reach her conclusions that the Plaintiff's position was improperly classified.. Finally, deposing Debbie Gunther, the person who the ADO contends was part of the official justification for stripping the duties from Plaintiff's position description is important to show that the reason given by the agency for removing the duties was pretextual. The Plaintiff sought to depose this person on the administrative level, but as here, the agency shielded this person from discovery. It was because the discovery was frustrated at the administrative level regarding this person that the Plaintiff elected to file the instant case.

At one point, the agency stated that it would produce the witnesses for deposition after the

29th of October, and would file a motion to extend the discovery period. When it delayed filing the promised motion, the Plaintiff re-noticed the depositions for the 16th of November, and issued subpoenas. The Plaintiff believed that the Agency would cooperate in discovery, or at least file a motion for a protective order or move to quash the subpoenas, until she was notified on the 7th of November that it would not produce the subpoenaed witnesses to be deposed. Complainant has attempted to work with the agency and accommodate any reasonable request it is willing to make in order to facilitate discovery. Its only response is a "pie-in-the-face" refusal to grant any discovery, while maintaining the position that no discovery is warranted until mediation occurred. Now that mediation has occurred, Plaintiff is lodging a motion to expand the discovery period rather than a motion to compel, now that the excuse of the need for mediation first has been removed.

As the Court is aware, denial of crucial discovery means that no dispositive motions can be granted in this case. Chappell-Johnson v. Powell, 440 F.3d 484, 458 (D.C. Cir. 2006)(reversal required where court disallowed Rule 56(f) discovery); See also Khan v. Parsons Global Services, Ltd., 428 F.3d 1079 (D.C. 2005)(same). One of the purposes of this motion is to preserve the issue that the defendant has refused to cooperate in discovery and that crucial discovery has not been allowed. Khan v. Parsons Global Services, Ltd., supra, (motion field in lieu of affidavit); St. Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994)(although plaintiff did not file an affidavit, its motion seeking more time for discovery identified the further information needed, how it would prevent summary judgment, and why it has not already been obtained; in these circumstances, a formal affidavit is not necessary, and the district court should have resolved the motion for a discovery continuance before granting summary judgment to the defendant); Reid v. New Hampshire, 56 F.3d 332, 341 (1st Cir. 1995)(motion sufficient to preserve issue). Any decision to proceed to summary judgment after denying Mrs. Hawkins the opportunity to complete discovery contravenes the spirit of FRCP 56(f). See, Resolution Trust Corp. V. North Bridge Assoc., 22 F.3d 1198, 1203 (1st Cir. 1994). Because Plaintiff has been denied the full period within which to conduct and finish discovery, she seeks a modest extension within which to do so. The fact that she has already initiated steps to depose the witnesses who have been withheld is an indication that she is sensitive to the deadlines set by this Court.

## CONCLUSION

WHEREFORE, for premises considered, it is respectfully submitted that the Motion to Enlarge the time within which to depose the agency witnesses should be granted.

December 3, 2007                                          Respectfully submitted

                                                     ____//S//Charles E. Wagner
                                                   Charles E. Wagner, Esq. (Bar # 94276)
                                                   Edward L. Allen, Esq. (Bar # 375341)
                                                   Attorneys for Plaintiff

Business Addresses:
Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Washington, D.C. 20911
(202) 210-7801
E-Mail: Wagnelliot@Aol.com
Fax: 1-202-318-7185

Edward L. Allen
1400 Locust Road NW
Washington, D.C. 20012
(202) 545-0718
E-Mail Allen200@att.net

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIGITTE R. HAWKINS )<br>)<br>Plaintiff, )<br>) CASE NO. 07CV00010<br>v. ) NOTICE OF DEPOSITION<br>)<br>ALBERTO GONZALES, )<br>  ATTORNEY GENERAL, )<br>)<br>Defendant. )<br>_____/ | |

NOTICE OF TAKING DEPOSITION

To: Heather Graham-Oliver
    Assistant United States Attorney
    Office of the U.S. Attorney for D.C.
    555- Fourth Street NW
    Washington, D.C. 20530

    TAKE NOTICE that Plaintiff will take the oral deposition(s) set forth below, before a notary public, for all purposes permitted by the FRCivP discovery rules:

    Witness: Diane Filler
            BATF, Personnel Division
            Washington, D.C. 20226

            Debbie Gunther
            BATF, Personnel Division
            Washington, D.C. 20226

            Barbara A. Blackwood
            BATF, Personnel Division
            Washington, D.C. 20226

    Date/Time:   October 29, 2007 (If date is inconvenient, please provide date ASAP at which
                10:00 a.m.           Witnesses will be available)

    Place: BATF
          650 Massachusetts Ave. NW
          Washington, D.C. 20226

October 4, 2007                                           Respectfully submitted

//S//Charles E. Wagner
Charles E. Wagner, Esq.
Counsel for Plaintiff
Address for Service:
Silver Spring Centre
Silver Spring, Maryland 20911
(202) 210-7801

PROOF OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing document was served upon the Heather Graham-Oliver, the Assistant U.S. Attorney assigned to represent the Defendant, by mailing the same to her at her address as disclosed by the pleadings of record herein, with first class postage fully prepaid thereon, and by Electronic Service via the internet, this 4th day of October 2007.

//S//  Charles E. Wagner
Charles E. Wagner, Esq.
(202) 210-7801

Subj: **Depositions on October 29th**
Date: 10/16/2007 4:13:35 P.M. Eastern Standard Time
From: Wagnelliot
To: Heather.Graham-Oliver@usdoj.gov
CC: Allen200@att.net

Dear Mrs. Oliver:

I am getting ready to contact the court reporters to have them send a reporter to the BATF building on Massachusetts avenue to take the depositions of Dianne Filler, Debbie Gunther and Barbara Blackwood on the 29th of October 2007. In the deposition notice dated October 4, 2007, which I sent to you by mail and as an attachment to an e-mail, I asked that you contact me ASAP in the event there was a problem with the time and date. I have not heard from you. Accordingly, if I do not hear otherwise by Friday, October 19, 2007, I will assume that all arrangements have been made to have the designated personnel at the deposition and I will schedule a court reporter for the 29th.

Best regards

Charles E. Wagner

See what's new at AOL.com and Make AOL Your Homepage.

Subj:    **RE: Depositions on October 29th**
Date:    10/23/2007 2:04:08 P.M. Eastern Standard Time
From:    Heather.Graham-Oliver@usdoj.gov
To:    Wagnelliot@aol.com
CC:    Allen200@att.net

Mr. Wagner:

We will not be available for the depositions that have been scheduled for the 29th of October. We would prefer to do the mediation first as most discovery has already occurred at the administrative level and both sides has a good idea of the issues. Of course, if mediation does not work, then we should proceed with the discovery, written and otherwise.

Heather Graham-Oliver
Assistant United States Attorney
555 Fourth Street NW
Civil Division
Washington, D.C. 20530

**From:** Wagnelliot@aol.com [mailto:Wagnelliot@aol.com]
**Sent:** Tuesday, October 16, 2007 5:14 PM
**To:** Graham-Oliver, Heather (USADC)
**Cc:** Allen200@att.net
**Subject:** Depositions on October 29th

Dear Mrs. Oliver:

I am getting ready to contact the court reporters to have them send a reporter to the BATF building on Massachusetts avenue to take the depositions of Dianne Filler, Debbie Gunther and Barbara Blackwood on the 29th of October 2007. In the deposition notice dated October 4, 2007, which I sent to you by mail and as an attachment to an e-mail, I asked that you contact me ASAP in the event there was a problem with the time and date. I have not heard from you. Accordingly, if I do not hear otherwise by Friday, October 19, 2007, I will assume that all arrangements have been made to have the designated personnel at the deposition and I will schedule a court reporter for the 29th.

Best regards

Charles E. Wagner

See what's new at AOL.com and Make AOL Your Homepage.

*Charles E. Wagner, Esq.*
*Silver Spring Centre*
*P.O. Box 14723*
*Silver Spring, Maryland 20911*
*(202) 210-7801*
*Wagnelliot@Aol.com*

October 23, 2007

Heather Graham-Oliver, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney for D.C.
Judiciary Center Bldg.
555-4th Street NW
Washington, D.C. 20530

     Re: <u>Hawkins v. Gonzales</u>
       <u>U.S. District Court No. 07CA00010 (CKK)</u>

Dear Mrs. Oliver:

  I have received your e-mail which indicates that you and your colleagues at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF") will not attend the depositions scheduled for Monday, October 26, 2007. As you are aware, the depositions were noted on October 4, 2007, although we are just learning of your refusal to attend. The reason you give is that BATF wants to mediate the controversy prior to the taking of any depositions and not that they are otherwise unavailable. The position of BATF is that since most of the discovery was provided at the administrative level, there is little to be gained from conducting depositions now. Accordingly, they wish to hold off conducting any further depositions until they have had an opportunity to mediate. While we believe that mediation might be helpful, and we even suggested that procedure as a prelude to discovery, the proposed avenue has been eclipsed by the defendant's unavailability.

  We were prepared to participate in mediation at 3:30 p.m. on the afternoon of September 17, 2007, the date and time rescheduled by Judge Kaye. However, you were unavailable and the session was cancelled. Thereafter, we attempted unsuccessfully to contact you to reschedule the mediation before the September 29, 2007 deadline, as set by Judge Kotelly. When we did reach you in October, you stated that you had to coordinate the mediation with your BATF counterparts (we advised that we were available any day except today (10/23/07)). The mediation was rescheduled at their convenience for November 29, 2007, roughly one month before the discovery deadline.

I opine that extensive discovery was not provided at the administrative level. Therefore, complete discovery at this stage is critical. Thus, your assessment of the need for discovery is inaccurate. At the administrative level, BATF refused to cooperate with discovery, refused to answer the interrogatories propounded to it, and refused to provide the documents requested. Further, after initially refusing to produce Debbie Gunter for deposition, they agreed to produce her. On the date of Debbie Gunter's scheduled deposition, she conveniently called in sick and was not deposed. The last pleading we filed administratively was a request an extension of time within which to complete discovery. (Copy Attached). As you know, the request for an extension was denied. Further, we did not depose Barbara Blackwood at the administrative level.

We submitted our discovery requests at the start of the discovery period, as soon as it was clear that we were not going to engage in a timely mediation. Judge Kotelly has set a very short discovery period, which ends in the middle of the Christmas holidays, when many people are unavailable for weeks at a time. Additionally, part of the discovery period encompasses the Thanksgiving holidays. Accordingly, we have a very short window within which to complete discovery. To wait until after the November 29, 2007, mediation to begin conducting depositions, would flippantly ignore Judge Kotelly's Order as to deadlines, and her admonition that extensions of time will be viewed with disfavor. Since BATF's has once refusal to cooperate in the discovery process, we see no reason to lend a second opportunity.

In this morning's voice mail to you, I stated that we are willing to postpone Monday's deposition to a day later in the same week. This would provide the parties with an opportunity to settle this matter informally. Thereafter, we can wait for the assistance of Judge Kaye. In any event, if you want to postpone the depositions until after mediation has occurred, we will not oppose **your motion** to extend the discovery period in light of the problems we have experienced with the scheduling of mediation. If I do not hear from you by Friday, October 26, 2007, 12:00 noon, offering to submit to depositions within the next two weeks, I will assume that the position you stated in your earlier e-mail remains; i.e., that BATF does not intend to appear at any depositions prior to mediation. Thereafter, I will cancel the request for a court reporter and seek remedies under Rule 37, FRCP.

Thank you in advance for your prompt attention to this matter.

Sincerely,

//S//Charles E. Wagner, Esq.
Charles E. Wagner, Esquire
Edward L. Allen, Esquire

Subj:     **RE: Deposition scheduled for October 29, 2007**
Date:    10/24/2007 10:15:00 A.M. Eastern Standard Time
From:   Heather.Graham-Oliver@usdoj.gov
To:       Wagnelliot@aol.com

We will produce our witnesses to be deposed after the 29th of October. Also, I will prepare the motion for an extension of time.

Thanks,\

Heather Graham-Oliver

**From:** Wagnelliot@aol.com [mailto:Wagnelliot@aol.com]
**Sent:** Wednesday, October 24, 2007 10:41 AM
**To:** Graham-Oliver, Heather (USADC)
**Subject:** Re: Deposition scheduled for October 29, 2007

Dear Mrs. Oliver:

Attached hereto is a letter which responds to your e-mails indicating that BATF will not produce their witnesses to be deposed on October 29, 2007. Of course, that places us in a difficult position. We concur in your assessment that a request for an extension of the discovery period would resolve the matter. However, inasmuch as the difficulty is being generated on your side of the case, it is appropriate that you file the motion for an extension in order to permit mediation to occur first. As we note in the letter, we will not oppose your request for an extension.

Best regards

CEWagner
EAllen

See what's new at AOL.com and Make AOL Your Homepage.

*Charles E. Wagner, Esq.*
Silver Spring Centre
P.O. Box 14723
Silver Spring, Maryland 20911
(202) 210-7801
Wagnelliot@Aol.com

October 24, 2007            **SENT BY E-MAIL AND FIRST CLASS MAIL**

Heather Graham-Oliver, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney for D.C.
Judiciary Center Bldg.
555-4th Street NW
Washington, D.C. 20530

       Re:   Hawkins v. Gonzales
             U.S. District Court No. 07CA00010 (CKK)

Dear Mrs. Oliver:

      I received your e-mail of October 23, 2007, indicating that you and your colleagues at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF") will not attend the depositions scheduled for Monday, October 29, 2007, which were noted on October 4, 2007. You state as your reason for refusing to comply with the deposition notice that BATF prefers to complete mediation first. As you know, mediation is set for November 29, 2007, while the deadline for discovery set by the court's order is December 31, 2007. Your preference would leave a very short period within which to complete discovery and resolve any issues related thereto, particularly given the many scheduling difficulties typically encountered during the month of December. Therefore, in fairness to our client, we must insist on going forward with the scheduled depositions. You have suggested that a way to resolve the impasse is to seek an extension of discovery from Judge Kotelly. If you elect the option to extend the deadline, we will not oppose your motion, which we urge you to file as soon as possible.

      Because of the tight security at the BATF building at 650 Massachusetts Avenue, the court reporter will not be able to enter the BATF building on Monday without a BATF escort. Similarly, Mr. Allen and I will be barred from the building unless BATF agrees to go forward with the deposition. Accordingly, if I do not hear from you by noon on October 26, 2007, that you intend to go forward with the depositions, I intend to cancel the court reporter, since we will be barred from the building, and take appropriate action under the court's rules.

      Thank you for your prompt attention to this matter.

                                          Sincerely,

                                          Charles E. Wagner, Esquire
                                          Edward L. Allen, Esquire

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIGITTE R. HAWKINS )
)
      Plaintiff, )
) CASE NO. 07CV00010
      v. ) NOTICE OF DEPOSITION
)
ALBERTO GONZALES, )
  ATTORNEY GENERAL, )
)
      Defendant. )
_____/

## NOTICE OF TAKING DEPOSITION

To: Heather Graham-Oliver
    Assistant United States Attorney
    Office of the U.S. Attorney for D.C.
    555- Fourth Street NW
    Washington, D.C. 20530

    TAKE NOTICE that Plaintiff will take the oral deposition(s) set forth below, before a notary public, for all purposes permitted by the FRCivP discovery rules:

    Witness: Diane Filler
          BATF, Personnel Division
          Washington, D.C. 20226

          Debbie Gunther
          BATF, Personnel Division
          Washington, D.C. 20226

          Barbara A. Blackwood
          BATF, Personnel Division
          Washington, D.C. 20226

    Date/Time: November 16, 2007
              10:30 a.m.

    Place: 700 Fifth Street NW
         Suite 200
         Washington, D.C. 20001

November 2, 2007                                                        Respectfully submitted

                                                                                 //S//Charles E. Wagner    

                                      Charles E. Wagner, Esq.
                                      Counsel for Plaintiff
                                      Address for Service:
                                      Silver Spring Centre
                                      Silver Spring, Maryland 20911
                                      (202) 210-7801

## PROOF OF SERVICE

     The undersigned hereby certifies that a copy of the foregoing document was served upon the Heather Graham-Oliver, the Assistant U.S. Attorney assigned to represent the Defendant, by mailing the same to her at her address as disclosed by the pleadings of record herein, with first class postage fully prepaid thereon, and by Electronic Service via the internet, this 2nd day of November, 2007.

                                        //S//  Charles E. Wagner
                                        Charles E. Wagner, Esq.
                                        (202) 210-7801

| | |
|---|---|
| Subj: | RE: Depositions set for November 16, 2007 |
| Date: | 11/13/2007 6:04:52 P.M. Eastern Standard Time |
| From: | Heather.Graham-Oliver@usdoj.gov |
| To: | Wagnelliot@aol.com |
| CC: | Allen200@att.net |

I will not be able to attend the depositions that you set for Friday because I have no access to the individual witnesses to tell them about the depositions. I have to go through the General Counsel's office of the ATF. The Agency Counsel is out of the office until Monday. Please call me to arrange a mutually convenient time for the taking of these depositions. Thank you,

Heather Graham-Oliver
Asst. United States Atty.

---

**From:** Wagnelliot@aol.com [mailto:Wagnelliot@aol.com]
**Sent:** Tuesday, November 13, 2007 5:21 PM
**To:** Graham-Oliver, Heather (USADC)
**Cc:** Allen200@att.net
**Subject:** Depositions set for November 16, 2007

Dear Mrs. Oliver:

Attached hereto is the Plaintiff's response to your voice message of November 12, 2007. As I have indicated to you in the past, while the plaintiff is anxious to participate in mediation, she is not prepared to do so at the expense of properly preparing her case in accordance with Judge Kotelly's order. Judge Kotelly's order overlaps the holiday season. Accordingly, scheduling problems will abound. When you refused to appear at the last deposition, we offered to delay further requests for depositions on the condition that you file for an extension of discovery. Your telephone message indicates that you refuse to do so until seven days before the cut-off of discovery. Accordingly, we have no choice but to proceed.

While your colleagues at BATF may believe that they have sufficient discovery that they need not seek any at this stage, Plaintiff is of the opinion that her discovery to date has been inadequate. As you are aware, the agency denied Plaintiff access to Debbie Gunther during the administrative phase of the case, and we did not depose Barbara Blackwood. Nor did the agency answer any of our interrogatories at that stage or provide us with the documents we requested. The presence of the agency attorney, one of the reasons you requested a delay, is not relevant since he is not an attorney of record in the case.

We look forward to participation in mediation, however, at this time, we are not prepared to hold off obtaining discovery. Therefore we look forward to seeing you on Friday, the 16th of November.

Best regards,

Charles E. Wagner

---

See what's new at AOL.com and Make AOL Your Homepage.

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BRIGITTE R. HAWKINS | ) | |
|     Plaintiff, | ) | |
|  | ) | CASE NO. 07CV00010 |
| v. | ) | REQUEST FOR EXTENSION |
|  | ) |    OF DISCOVERY PERIOD |
|  | ) | **ORDER** |
| MICHAEL MUKASEY, | ) | |
|   ATTORNEY GENERAL, | ) | |
|                      Defendant. | ) | |

**ORDER**

    This matter having come before the Court on the Motion of the Plaintiff for an Order extending the period within which to conduct discovery to January 10, 2008, and the Court being appraised of the grounds therefor, and the basis of the opposition to the motion, and it further appearing to the Court that the totality of circumstances warrant the granting of said motion for an enlargement of time within which to conclude discovery, it is this _____ day of December, 2007,

    ORDERED, that the Plaintiff's Motion to enlarge the time within which to conclude discovery, be and hereby is, Granted.

                                                                               _____
                                                                                Honorable Colleen Kollar Kotelly
                                                                                U.S. District Judge