UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIGITTE R. HAWKINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) CASE NO. 07CV00010 (CKK) |
| v. | ) |
| | ) MOTION FOR PROTECTIVE ORDER |
| | ) (NEXT DATE: JANUARY 11, 2008 |
| | )     STATUS HEARING) |
| ALBERTO GONZALES, | ) |
|   ATTORNEY GENERAL, | ) |
| | ) |
|     Defendant. | ) |

MOTION FOR PROTECTIVE ORDER

    Plaintiff, by counsel, pursuant to FRCP 26(c) and 30(b)(1), moves the Court to enter its order protecting the Plaintiff from annoyance, oppression and undue burden relative to a deposition set and scheduled by the Defendant for New Year's Eve, December 31, 2007, and in support thereof asserts the following:

    1. Discovery in the instant case is scheduled to end on December 31, 2007.

    2. On December 28, 2007, the Court entered its minute Order denying the motions of both parties to extend the period in which discovery could be had beyond December 31, 2007.

    3. At no time prior to the 28th of December did the Defendant seek discovery from the Plaintiff, and in fact, acted at every stage of the discovery period argued that no further discovery was warranted in light of the discovery made available at the administrative level. Moreover, the Defendant acted to thwart the efforts of the Plaintiff to obtain the discovery to which she was entitled under the rules of this Court.

    4. Because of the Court's December 28th Order denying the motions of the parties to extend discovery, the Defendant electronically served interrogatories on the Plaintiff, the answers to which are due 30 days hence, and well beyond the close of the discovery in this

case. (See Attachment A)

5. Because of the Court's December 28th Order, the Defendant also electronically served on the Plaintiff a Notice for a deposition to be held on the afternoon of the 31st of December, the date discovery was scheduled to close by Order of the Court. (See Attachment A).

6. Counsel for Plaintiff, who opened the e-mail at 10:30 p.m. on the 28th of December, was unable to contact the Plaintiff regarding the Notice. Moreover, both attorneys for the Plaintiff have prior engagements scheduled for the 31st of December, relative to other court cases, and cannot change the engagements on such short notice, or without extreme difficulty, and so informed the Defendant's counsel via E-Mail. (See Attachment B).

7. Counsel further attempted to contact the Defendant's attorney via E-Mail on the 29th of December to determine whether she would postpone the scheduled deposition. In the absence of such action, he would be forced to seek the protection of the Court (Attachment C). Plaintiff has not received any word regarding her intentions.

8. FRCP 30(b)(1) requires that Notice for a deposition be reasonable. Notice after 7:00 p.m. on a Friday afternoon, just before a Holiday weekend, relative to a deposition scheduled for the following Monday afternoon, is unreasonable notice.

9. Until now, the Defendant has eschewed seeking any discovery in this case, and should not at the 11th hour of the discovery period be allowed to burden the Plaintiff with this tardy request.

POINTS AND AUTHORITIES IN SUPPORT OF MOTION

FRCP 30(b)(1) requires that reasonable notice of a deposition be given. Although a deposition notice must be reasonable, the determination of reasonableness is made under all of the facts and circumstances in the case. See, 7 Moore's Federal Practice, § 30.23 (Matthew Bender 3d ed.) In this case, the Defendant has refused to seek any discovery during the period assigned by the Court for that purpose and only submitted the challenged Notice for

deposition in response to the Court denying the Defendant's motion for an extension of the discovery period. The Plaintiff has advised the Defendant in accordance with FRCP 34(d)(1) that notice of the deposition was defective because it was unreasonable, and no word from the Defendant has been received to correct the notice or to advise the Defendant as to whether steps will be taken by her which would preclude the necessity of this motion. We would submit that notice of less than one business day, on a holiday weekend, is inherently unreasonable. See, <u>United States v. Philip Morris, Inc</u>. 312 F. Supp.2d 27, 36-37 (D.D.C. 2004)("notice of three business days, or less . . . does not constitute 'reasonable notice.'"); <u>Vardon Golf Co., Inc. v. Supreme Golf Sales, Inc.</u>, No. 89 C. 2654, 1989 WL 153335, * 1-2 (N.D. Ill. Nov. 2, 1989 (four days notice was unreasonable); <u>Lohmann v. Rauscher, Inc. v. VKK, Inc</u>., No. 05-2369- JWL -GLR (D. Kan. 11/13/2006)(4 days notice was unreasonable). Because opposing counsel does not have to be consulted relative to the scheduling of a deposition, [1] a deposition may be scheduled on short notice. However, Plaintiff does not have the option of sitting back, failing to appear, requiring Defendant to take action, and then crying foul to the Court. Accordingly, Plaintiff is compelled to file this motion for a protective order, inasmuch as, we submit that under the facts and circumstances of this case reasonable notice has not been given and that the Court should enter a Protective Order.

## CONCLUSION

WHEREFORE, for premises considered, we submit that a protective order should issue barring the deposition scheduled for December 31, 2007.


December 29, 2007                                           Respectfully submitted


                                                             //S//    Charles E. Wagner
                                                            Charles E. Wagner, Esq. (Bar # 94276)
                                                            Edward L. Allen, Esq. (Bar # 375341)

---

[1] Although as a courtesy, the Plaintiff sought to arrange a date to depose the Defendant's witnesses, it was not required under the rules.

Attorneys for Plaintiff

Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Washington, D.C. 20911
(202) 210-7801
E-Mail: Wagnelliot@Aol.com
Fax: 1-202-318-7185

Edward L. Allen, Esq.
1400 Locust Road NW
Washington, D.C. 20012
(202) 262-8550
E-Mail Allen200@att.net

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
BRIGITTE R. HAWKINS            )
                Plaintiff,     )
                              )   CASE NO. 07CV00010 (CKK)
        v.                     ) OPPOSITION TO MOTION TO EXTEND
                              ) DISCOVERY
MICHAEL B. MUKASEY,            )     NEXT DATE: JANUARY 11, 2008
  ATTORNEY GENERAL,            )          STATUS HEARING
               Defendant.      )
_____/

## ORDER

       This matter having come before the Court on the Motion of the Plaintiff for a protective Order directing that a deposition scheduled for December 31, 2007, not occur, and the Court having been advised of the grounds therefor and the opposition to the motion, it is therefore:

       ORDERED, that the deposition scheduled for December 31, 2007, be cancelled and the Plaintiff and her attorneys are not required to attend.

Date: _____, 2007                    _____
                                                           Judge Colleen K. Kotelly
                                                           U.S. District Judge

Parties to be served:

Heather Graham-Oliver, Esq.
Assistant U.S. Attorney
Office of U.S. Attorney,
555 4th Street NW
Washington, D.C. 20530

Charles E. Wagner, Esq.
P.O. Box 14723
Silver Spring, Maryland 20911

Defendant's Discovery Items in Hawkins    Page 1 of 1

| | |
|---|---|
| Subj: | **Defendant's Discovery Items in Hawkins** |
| Date: | 12/28/2007 7:23:55 P.M. Eastern Standard Time |
| From: | Heather.Graham-Oliver@usdoj.gov |
| To: | Wagnelliot@aol.com |
| CC: | allen200@att.net |

Due to the Court's most recent Order on today's date, I am attaching the Defendant's First Set of Interrogatories and Notice of Deposition for the Plaintiff. If the Plaintiff is not available on December 31, 2007, please let me know as soon as possible because I would like to file another motion for extension of time with the Court prior to January 4, 2007. Thank you and best regards in the New year,

Heather Graham-Oliver

Asst. United States Attorney


<<Defendant's Interrogatories and Document Request.wpd>>    <<Defendant's Notice of Deposition.pdf>>

| | |
|---|---|
| Subj: | **Re: Defendant's Discovery Items in Hawkins** |
| Date: | 12/29/2007 12:04:43 A.M. Eastern Standard Time |
| From: | Wagnelliot |
| To: | Heather.Graham-Oliver@usdoj.gov |
| CC: | Allen200@att.net |

Mrs. Oliver:

I have not been able to contact Mrs. Hawkins since I opened your E-mail at 10:30 p.m. in order to determine her future availability. In point of fact, Mr. Allen and I have prior engagements scheduled for Monday and will not be available in any event to attend the deposition, the notice of which is unduly short, and on a holiday weekend. Moreover, as you know, notice of any deposition must be reasonable. See FRCP 30(b)(1). See also, **In re Sulfuric Acid Antitrust Litigation**, 231 F.R.D. 320, 327 (N.D. Ill. 2005)(10 Days unreasonable in complex case); **In re Stratosphere Corp. Securities Litigation**, 183 F.R.D. 684, 687 (D.Nev. 1999)(six days notice **not** reasonable). We believe that notice after business hours on the Friday before the Monday of the deposition is not reasonable notice. The time is even too short for us to move for a protective order since the Court will not be able to weigh the merits of the motion before the scheduled time. Based upon the foregoing, **we will not be attending the deposition** that you have scheduled for Monday.

On another matter, Attached hereto is the privacy order you sent, with a suggested modification highlighted in yellow.

Best regards

CEWagner

See AOL's top rated recipes and easy ways to stay in shape for winter.

Subj: **Notice of Deposition**
Date: 12/29/2007 11:32:16 A.M. Eastern Standard Time
From: Wagnelliot
To: Heather.Graham-Oliver@usdoj.gov

Mrs. Oliver:

I sent you a response to your notice of deposition and have not heard from you relative to what you have agreed to postpone the deposition until the Court rules on your anticipated motion for an extension. Because I have not been able to contact the Plaintiff, and Mr. Allen and I have other matters scheduled for the time set for the deposition and cannot on such short notice rearrange our schedules, we cannot attend the deposition that you scheduled. Because we do not want to simply not show up, we intend to file a motion for a protective order unless we hear from you today informing us that the deposition has been canceled.

Best regards

CEWagner


See AOL's top rated recipes and easy ways to stay in shape for winter.