UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
BRIGITTE R. HAWKINS,                     )
                                         )
            Plaintiff,                   )
                                         )          CASE NO. 07CV00010 (CKK)
      v.                                 )          MOTION FOR PROTECTIVE ORDER
                                         )
                                         )          (NEXT DATE:  JANUARY 11, 2008
MICHAEL B. MUKASEY,                      )              STATUS HEARING)
   ATTORNEY GENERAL,                     )
                                         )
            Defendant.                   )
_____/


PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

I.        PRELIMINARY STATEMENT

      Plaintiff, by counsel,  pursuant to FRCP 26(c), 30(b)(1), 30(d) and 37 (d) moves the

Court to enter its order protecting the Plaintiff from annoyance, oppression and undue burden

associated with its effort to extend the period of within which the Defendant would take

discovery [1] and in support thereof asserts the following:

      1.  The requirement of the Court's Order of December 28, 2007, directing the parties

to "explain the exceptional circumstances" which warrant an extension of discovery cannot

be satisfied by the Defendant, inasmuch as **there are no exceptional circumstances**.  The

_____

[1]  In response to the Defendant's prior motion to extend the discovery deadline, the Court
correctly noted that Defendant's counsel did not identify what discovery would occur within the
requested period.  Nor did Defendant's Counsel state why she had failed to complete discovery
within the allotted time frame and why the discovery period should be extended.  The Court also
noted that Plaintiff did not identify what discovery would be completed within the extended
period.  The Plaintiff filed the motion as a precautionary measure and noted the resistence she
was receiving from the Defendant. Plaintiff noted that she had scheduled depositions for the 18th
of December and that she had outstanding interrogatories and requests for documents.
Accordingly, if all went well, she would depose her witnesses and get the overdue discovery
before the deadline.  Therefore, she could not identify what discovery would be left for the period
between December 31, 2007, and January 10, 2008.

fact that the Defendant now requests an additional six weeks within which to conduct discovery undercuts any claim that the three months provided under the Court's scheduling order were insufficient.

2.   The Defendant does not assert that the discovery period allowed by the Court was somehow inadequate.  Nor does it assert how events, beyond its control, worked against his orderly and timely completion of discovery.  Rather, Defendant seeks discovery on the basis that the Plaintiff may want additional discovery (a circumstance that they created by their actions) and therefore, they should be allowed to enjoy a similar respite from the original discovery deadline.

3.   The Defendant eschewed any and all discovery throughout the original period set aside by the Court for that purpose, argued to the Plaintiff that discovery had at the administrative level was satisfactory, and sought to thwart Plaintiff's every effort to obtain discovery.  This activity on Defendant's part wasted the Court's time and that of Plaintiff's counsel.  The defendant repeatedly ignored notices of deposition and refused to appear or produce its employees at the depositions.  Further, the Defendant refused to turn over discovery documents requested on October 4, 2007, until the afternoon of December 28, 2007, less than one business day before the discovery deadline, and just before a holiday weekend.

4.   The Defendant's attorney was reminded repeatedly of the discovery deadline and how her dilatory tactics would prejudice the Plaintiff if the lost discovery time was not somehow restored by the Court. Nevertheless, Defendant's attorney continued her dilatory tactics. (See: Exhibit A).  Despite the warnings and the admonishment of the Court in its scheduling order that extensions were disfavored, Defendant flirted with disaster throughout the discovery period, neither seeking discovery nor allowing Plaintiff to enjoy the same.

Moreover, despite the note in the scheduling order advising counsel that if an extension is sought, counsel must do so "at least four business days" before the deadline, Defendant failed or refused to seek an extension until Thursday, December 27, 2007, less than four business days before the Monday (December 31, 2007), on which discovery was to expire. Defendant did not contact Plaintiff's counsel before filing his motion, as required by the rules, preferring to assume (correctly) that the Plaintiff would oppose the motion.

5. Even when Defendant's attorney provided the overdue interrogatories, they were unsigned by the person answering the questions, as required by the FRCP. Moreover, **the answers were not provided under oath as required by the Federal Rules of Civil Procedure (FRCP)**. See FRCP 34 (b)(1) & (2). (See Exhibits B & D). It is hard to imagine that an experienced Assistant U.S. Attorney did not know that interrogatories were required to be signed under oath by the person answering the questions. As the Court can see, the documents were only signed by the Defendant's attorneys. Plaintiff's Counsel can only surmise that this was another example of dilatory tactics and slick lawyering on the part of the Defendant, inasmuch as the answers provided to the interrogatories cannot be used for the purposes contemplated by the rules.[2]

6. The Defendant now hides behind the Privacy Act to withhold other records from the Plaintiff. Defendant's counsel has known since October 4, 2007, that a Privacy Act Order might be required. Instead of seeking a timely order from the Court or assurances from counsel regarding the confidential nature of the documents, she has waited until she

---

[2] When the failure to provide sworn signed interrogatories was brought to the attention of the Defendant's attorney in the wake of the Court's order denying the extension motion, her only game plan is to have the agency official providing the answers to execute a verification statement to be attached to the answers, instead of simply having the official re-execute the document under oath. The rule requires answers under oath, not a verification at a later time to be attached to the document.

delivered the **documents on the afternoon of December 28, 2007,** (see Exhibit C) to raise the issue of a privacy order. The delivery of overdue documents and records (requested on October 4, 2007), just three days before the close of discovery, on a holiday weekend, shows bad faith.[3]

7.   Even when the Plaintiff sought a protective extension of discovery, Defendant's counsel withheld her consent (refused to respond to the requests for consent) despite the fact that Plaintiff's counsel had earlier consented to similar relief by the Defendant. If Defendant had agreed to cooperate with discovery at that time, her later motion for an extension would not have been filed and the Defendant would not have to ask the Court for relief from its deadline. Moreover, had the parties cooperated in discovery, as contemplated by the Court's scheduling order, Plaintiff and Defendant could have avoided the Court's involvement, since the parties could have resolved this problem.

8.   The Defendant did not provide a Rule 26(a)(2)(B) statement on November 22, 2007, as required by the Court's scheduling order. The Defendant **now** seeks to offer a Rule 26(a)(2)(B) statement after the discovery deadline. While Plaintiff filed a 26(a)(2)(B) report in accordance with the scheduling order, she did not look for another expert, inasmuch as the Defendant did not file an opposing Rule 26a)(2)(B) report. The Plaintiff identified Barbara Blackwood as an expert, **not because she viewed Blackwood as her expert**, but because she might be called upon to give an opinion based upon her specialized knowledge within the contemplation of FRE 702. Moreover, unlike most experts, Mrs. Blackwood was neither

---

[3]  We invite the Court's attention to the unreasonable Notice of Deposition Defendant's counsel filed on the night of the 28th of December. Counsel never called Plaintiff's counsel to alert him that she was serving the notice, nor did she leave a phone number where she could be reached. Although he sent e-mails to her, she did not pull them up until the 31st when she called him after 9:00 a.m. to see if he seen her e-mail and if Plaintiff was coming to the deposition. This callous attitude resulted in needless work by Plaintiff's attorneys to seek a protective order.

hired nor employed by Plaintiff to give an opinion.  Rather, **she works for the Defendant** and is a witness in the case solely because she did the desk audit which is the subject of the case.  If the Defendant is now allowed to call an expert to challenge the desk audit performed by its employee, Plaintiff is entitled to re-depose Blackwood whose actions are now being challenged by the Defendant for the first time, since she has an inherent bias in favor of the Defendant, her employer.  By virtue of this employment relationship, **Barbara Blackwood is identified with the Defendant**.  Until now, the Defendant has never challenged the desk audit or hinted that it was somehow flawed.  Since Blackwood's work is now being challenged, Plaintiff must now reexamine her deposition testimony, in light anticipated attacks on her credibility.  Moreover, if the Defendant is now allowed to call an expert, the Plaintiff must begin  looking for an expert who can counter the testimony of Defendant's expert,  and any changes Blackwood may make in her testimony to please her employer.

9.  The Defendant **deposed** the Plaintiff at the administrative level and served her **with interrogatories** which she answered under oath.  Despite the available information, **including Plaintiff's affidavit to the investigator**, Defendant now wishes to reopen discovery, take depositions, and send more interrogatories to Plaintiff, as well as a request for documents, even though it has the investigative file, which the Plaintiff cited as having all of her documents during the agency proceeding. [4]  What the Defendant now seeks is not an extension of the discovery deadline, since it never conducted any, but a de nova discovery period containing all of the rights and privileges that attended the now expired discovery period.  Further, the Defendant cannot identify any discovery he was prevented from obtaining because of a discovery period of only three months.  In is noteworthy that the

---

[4]  The Plaintiff, who was available throughout the discovery period set by the Court, is scheduled to have **major surgery on the 15th of January, 2008**, she will remain in the hospital for two days, and will go home to recover until the 10th of March, 2008.

parties only asked for two months discovery in their meet and confer statement. Unsurprisingly, the Defendant does not allege that the discovery period provided by the Court was somehow inadequate. No attempt has been made by the Defendant to show how events conspired to impede his discovery. Plaintiff submits that parties cannot sleep during discovery and expect to be saved at the 11th hour by an extension of the deadline. Nor may parties conspire to deny their opponent discovery to which they are entitled, and then secure the cooperation and blessing of the Court for an unimpeded discovery period.

10. We adopt by reference and incorporate herein as if fully set forth, those parts of our Motion for an Extension of the Discovery Deadline that pertains to the dilatory tactics of the Defendant, as well as the related exhibits. See FRCP 10(c).[5] We ask the Court to impose sanctions upon the Defendant for its behavior during discovery by denying it an extension of the discovery period.

II      **POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

A.      WHERE A PARTY IGNORES AN ORDER OF THE COURT, SETTING A DEADLINE, AND THE ORDER ADMONISHES THE PARTIES THAT EXTENSIONS WILL BE VIEWED WITH DISFAVOR, ANY PARTY THAT ESCHEWED THAT DEADLINE AND OTHER PROVISIONS IN THAT ORDER REGARDING EXPERTS AND SETTLEMENT AND DOES NOT SEEK DISCOVERY IN ANY FORM AND ACTIVELY SEEKS TO FRUSTRATE THE DISCOVERY REQUEST OF THE OPPOSING PARTY, CANNOT SHOW EXCEPTIONAL CIRCUMSTANCES WARRANTING AND EXTENSION OF THE DISCOVERY PERIOD.

As the Court is aware, the purposes underlying the federal rules are to avoid surprise and the possible miscarriage of justice and to eliminate the "sporting theory of justice." In

---

[5] Plaintiff does not seek an extension of the discovery deadline. She only filed her motion as a protective measure in light of the conduct of the Defendant. She foresaw the Defendant waiting until the last day of discovery to deliver the interrogatories and the requested records. Now, she only seeks the sworn documents she is entitled to as well as the records the defendant admits are due to her under privacy order. These materials are producible under the rules requirements that a party update the discovery provided. FRCP 26(e).

re Halkin, 194 U.S. App.D.C. 257; 598 F.2d 176, 192 at n.18 (1979). "The judicial system cannot tolerate litigants who flagrantly refuse to comply with the orders of the court and who refuse to make discovery, for delay and evasion are added burdens of litigation, causing waste of judicial and legal time, are unfair to the litigants and offend the administration of justice." Denton v. Mr. Swiss of Missouri, Inc. 564 F.2d 236, 241 (8th Cir. 1977), Monsanto Company v. Ralph, 382 F.2d 1374 (Fed. Cir. 2004)(same). As the deadline for discovery approaches, discovery conduct which might have been considered "merely" discourteous at an earlier point in the litigation, may well breach a party's duties to cooperate with its opponent. See Residential Funding Group v. DeGeorge Fin. Corp., 306 F.3d 99, 112 (2d Cir.2002). Cooperation, by its definition, implies that procedural obstacles will not be raised to shield evidence which is not otherwise privileged, and that the parties will not conduct discovery in an adversarial context. As the Court is aware, the parties submitted to the Court a Rule 16.3 Report that provided a **60-day period for discovery**; the Court gave the parties **three months**!

Throughout the discovery period, the Defendant made no effort to participate or cooperate in discovery. Defendant even argued with Plaintiff that the parties had enough discovery. It eschewed the Court's deadline for providing expert witness statements and even disobeyed the Court Order's directive regarding the filing of motions at least four business days before the deadline sought to be extended. It refused to show up or produce its witnesses to be deposed on two occasions, and threatened to withhold one witness until the Court's chambers was contacted to set up a conference call with the Court. It refused to adhere to the federal rules with regard to the discovery it later produced, e.g., it submitted **unsworn, unsigned** answers to interrogatories on the eve of the discovery deadline. When Plaintiff sought an extension, it withheld its consent even though it had filed a similar motion

earlier.  It now seeks through its own motion to turn the discovery process upside down by asking the Court for **de nova** discovery, including submitting a Rule 26(a)(2)(B) statement for an expert witness.  We assume that testimony from an expert witness is now being sought to challenge the testimony of Defendant's own employee, relative to the desk audit.  We submit that, under the "exceptional circumstances" criteria set forth in the Court's December 28, 2007, minute order, no set of circumstances can be shown by the Defendant to warrant a reopening of discovery.

      B.    WHERE A PARTY ACTS IN BAD FAITH, AND ITS DILEMMA IS THE RESULT OF ITS OWN MISCONDUCT, EQUITABLE CONSIDERATIONS DO NOT ARGUE IN FAVOR OF THE REQUESTED RELIEF.

      As the Court is aware, whoever requests equitable relief must do so with clean hands. The Defendant is asking the Court to exercise its discretion and grant it relief which is not otherwise obligatory under the rules.  However, under the civil rules, the parties are required to cooperate with discovery.  Food Lion, Inc., v. United Food & Commercial Workers Int'l Union, 103 F.3d 1007, fn. 20 (D.C. 1997)(court has wide discretion to use "inherent authority in an effort to encourage the opposing parties to cooperate responsibly with timely discovery efforts);  See also, Smink v. IRS, 85 F.3d 617 (4th Cir.1996).  The Court has the power to sanction parties who engage in discovery abuses, including obstruction of depositions,[6] or habitual refusal to cooperate in discovery.  Thomas E. Hoar, Inc. v. Sara Lee Corp., 882 F.2d 682 (2d Cir. 1989). The record in this case reveals a serial pattern of mischief and bad faith.

      The bad faith of the Defendant is reflected in the following acts:

      1.  Withholding discovery until the evening of December 28, 2007, less than one business day before the end of the discovery period.

      2.  Refusing to participate in any informal settlement conferences until the 29th of

---

    [6]  Perkinson v. Gilbert Robinson, Inc,, 821 F.2d 686 (D.C. Cir. 1987)(sanctions appropriate for impeding deposition).

November, when formal mediation was to occur.

    3. Insisting that no mediation occur until the 29th of November and refusing to participate in discovery until then, knowing that the delay would exhaust two-thirds of the discovery period.

    4. The delay in discovery pending mediation was done in bad faith in that the Defendant only wanted to present the same offer that had been rejected during the administrative phase of the case, but to now couple that tender to an "Offer of Judgment." We mention this, **not for the prohibited purpose of establishing liability, but to show bad faith.** [7] The Defendant delayed discovery for two-thirds of the discovery period, arguing that discovery was a waste of time, if the parties could settle the case, while fully aware that the Plaintiff was not likely to accept an offer she had rejected earlier. [8] With two-thirds of the discovery period gone, Defendant could then delay Plaintiff's discovery for another thirty days, and ask the Court for an extension in order to get full discovery. Defendant sent the Plaintiff the overdue discovery on the 28th of December, one day after it sought an extension. The mediation was not sought by the Defendant in good faith. Moreover, the tardy discovery was incomplete and not in accord with the federal rules.

    5. The Defendant's attorney promised to file a timely motion to extend discovery on October 24, 2007, as a condition for postponing the scheduled deposition on the 29th of October. (See Exhibit E). She then delayed until the 19th of November to actually file it. (See Exhibit F).

---

[7] The text of Rule 408, as well as its advisory committee notes, makes clear that matters discussed in settlement conferences are not admissible to prove liability or fault. However, they may be admissible for other purposes, such as to show bad faith. See, Athey v. Farmers Ins. Exch., 234 F.3d 357 (8th Cir. 2000)(statements in settlement negotiations allowed to admissible to show bad faith). The only addition to the administrative offer was the threat to file an "Offer of Judgment" unless the Plaintiff accepted. As the Court is aware, an Offer of Judgment at the administrative level would not have the same effect as here.

[8] This explains why the Defendant refused to engage in informal discussions to settle the case. If it had been revealed that their position regarding settlement had not changed, Plaintiff would not have waited for mediation, and would have moved immediately for sanctions.

6.  The Defendant shielded a witness (Gunther) from deposition at the administrative level, and continued to do so in discovery before this Court.  Additionally, Defendant initially refused to produce Gunther[9] at the December 18, 2007, deposition until Plaintiff's counsel contacted the Court to arrange a discovery conference.  At that point, Defendant sent an e-mail indicating that all witnesses would be present. (See Exhibit G).

7.  When the mediation failed to achieve a settlement, the Plaintiff sought the consent of the Defendant to an extension, and although the Defendant's counsel had filed an earlier motion for an extension, she declined to respond to Plaintiff's requests that she give her consent.  Such a refusal to acknowledge the requests, or join in the motion argues that the Defendant did not support the request, and further argues that the Defendant would continue to resist the Plaintiff having the discovery she was seeking.

8.  Although the Defendant's counsel stated that she would provide the responses to the requests for production of documents by the 21st of December, the documents were sent by FedEx to Plaintiff and **arrived on the 28th of December**. (Exhibit G).

9.  The overdue answers to the interrogatories did not conform to the requirements of the rules, **since the interrogatories were not under oath or signed by the person answering the questions as required by FRCP 33(b)(1).** (Exhibits B & D).

10.  In the wake of the Court's December 28th Order denying the parties an extension to discovery, the Defendant's attorney filed an unreasonable deposition notice, after business hours on a Friday, for a deposition to be held the following Monday.  The Defendant's attorney filed the Notice and then refused to call Plaintiff's counsel to leave a number where she could be reached in the event she did not check her e-mails for a reply relative to whether he could reach his client on the holiday weekend.  This failure forced Plaintiff's counsel to spend part of their weekend drafting a motion for a protective order.  On the 31st of

---

[9]  Defendant's counsel called Plaintiff's counsel to advise that Gunther would not be appearing at the deposition on December 18, 2007, for the incredible reason that she had "lose or use" leave to take.

December, Defendant's counsel called Plaintiff's counsel to see if he had gotten the notice and had contacted his client. The fact that she did not check her e-mails within the 24 hours after she sent the notice or leave a phone number where she could be reached, shows a callous disregard for the concerns of others and at a minimum, bad faith.

11. The above described refusal to cooperate in discovery mirrors the agency's conduct before the Equal Employment Opportunity Commission, where the Defendant refused to respond to Plaintiff's interrogatories or provide the documents requested in her discovery demand. Similarly, the Defendant shielded Gunther from discovery and refused to produce her for deposition.

12. With respect to the items the Defendant refused to produce, it has not asserted that the material was otherwise privileged, nor has it sought the protection of the Court to prevent discovery.

The aforementioned conduct of Defendant's Counsel has prejudiced Plaintiff by denying her an orderly pursuit of discovery. The Defendant's delay of production of the overdue documents until after the depositions **prejudiced the Plaintiff**, and was intended to thwart the Plaintiff's use of the information during the depositions of the witnesses, and hamper her preparation of her case. Defendant may not refuse to participate in discovery, and thwart the opposing party's entitlement to discovery, and thereafter attempt to cheat the devil at the eleventh hour by securing a window for the discovery it has avoided.

As noted above, the Defendant's motion to extend was untimely (¶2 of the Scheduling Order) because it was filed less than four business days before the deadline for discovery and long after the Defendant, with due diligence, knew or should have known that she was in need of further discovery. The attempt now by the Defendant to obtain discovery, after avoiding the process throughout the period set aside by the Court, is not made in good faith and should be denied. **However**, if the Court decides to give the Defendant a window within which to conduct discovery, in fairness the Court should permit the Plaintiff to re-depose the three witnesses whose full and complete examination was thwarted by Defendant's refusal

11

to cooperate in discovery and provide the timely responses to their discovery requests, as a sanction under FRCP 30(d)(2), since the refusal to cooperate with discovery impeded, delayed and frustrated the fair examination of the witnesses.  Areas of inquiry would be those which counsel would have been pursued had the papers and interrogatories been provided in a timely manner and which would have identified areas of inquiry.

In footnote #2 of the Court's scheduling order, the Court warned that the parties were obliged to abide by the directives in the order and that sanctions could be imposed in a case of noncompliance. See: Scheduling Order fn#2.  In this case, Defendant followed his earlier pattern of refusing to cooperate with discovery, and because Plaintiff had cooperated with discovery at the agency level, the Defendant took the position that no further discovery was warranted in this case.  While maintaining that the discovery had before EEOC was sufficient, they refused to participate in mediation until the 29th of November, and then hid behind the prospective mediation to avoid cooperating with discovery.

The Defendant's motion does not show that Defendant sought an extension of discovery after mediation failed or supported the Plaintiff's request for an extension. Nor does it show that Defendant asked the Plaintiff to supplement her earlier discovery at the administrative level.  In short, after the Defendant slept on his rights and refused to comply with the Court's discovery timetable, he now seeks to undo any injury to himself by seeking an extension of the discovery deadline.  Accordingly, we ask the Court to deny the Defendant's request to extend the discovery deadline

<u>CONCLUSION</u>

WHEREFORE, for premises considered, it is respectfully submitted that the Court should:

1.  Enter its Protective Order denying the request of the Defendant to extend the discovery deadline and rule that further discovery not be had by the defendant.

2.  Order the Defendant to provide the answers to Plaintiff's first and second set of interrogatories under oath and in accordance with the Federal Rules of Civil Procedure.

These answers are long over due.

3. In the event the Court grants the Defendant a window within to obtain discovery, we submit that the Court should require the Defendant to Produce the Diane Filler, Debbie Gunther and Barbara Blackwood for the purpose of examination on the tardy discovery materials.

4. Grant the Plaintiff such other relief as deemed appropriate, including costs associated with the preparation of this pleading.

January 4, 2008                                    Respectfully submitted


  //S//    Charles E. Wagner
Charles E. Wagner, Esq. (Bar # 94276)
Edward L. Allen, Esq. (Bar # 375341)
Attorneys for Plaintiff


Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Washington, D.C. 20911
(202) 210-7801
E-Mail: Wagnelliot@Aol.com
Fax: 1-202-318-7185

Edward L. Allen, Esq.
1400 Locust Road NW
Washington, D.C. 20012
(202) 262-8550
E-Mail Allen200@att.net

Counsel for the Plaintiff

*Charles E. Wagner, Esq.*
*Silver Spring Centre*
*P.O. Box 14723*
*Silver Spring, Maryland 20911*
*(202) 210-7801*
*Wagnelliot@Aol.com*

October 23, 2007

Heather Graham-Oliver, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney for D.C.
Judiciary Center Bldg.
555-4th Street NW
Washington, D.C. 20530

Re:  <u>Hawkins v. Gonzales</u>
     <u>U.S. District Court No. 07CA00010 (CKK)</u>

Dear Mrs. Oliver:

I have received your e-mail which indicates that you and your colleagues at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF") will not attend the depositions scheduled for Monday, October 26, 2007. As you are aware, the depositions were noted on October 4, 2007, although we are just learning of your refusal to attend. The reason you give is that BATF wants to mediate the controversy prior to the taking of any depositions and not that they are otherwise unavailable. The position of BATF is that since most of the discovery was provided at the administrative level, there is little to be gained from conducting depositions now. Accordingly, they wish to hold off conducting any further depositions until they have had an opportunity to mediate. While we believe that mediation might be helpful, and we even suggested that procedure as a prelude to discovery, the proposed avenue has been eclipsed by the defendant's unavailability.

We were prepared to participate in mediation at 3:30 p.m. on the afternoon of September 17, 2007, the date and time rescheduled by Judge Kaye. However, you were unavailable and the session was cancelled. Thereafter, we attempted unsuccessfully to contact you to reschedule the mediation before the September 29, 2007 deadline, as set by Judge Kotelly. When we did reach you in October, you stated that you had to coordinate the mediation with your BATF counterparts (we advised that we were available any day except today (10/23/07)). The mediation was rescheduled at their convenience for November 29, 2007, roughly one month before the discovery deadline.

I opine that extensive discovery was not provided at the administrative level. Therefore, complete discovery at this stage is critical. Thus, your assessment of the need for discovery is inaccurate. At the administrative level, BATF refused to cooperate with discovery, refused to answer the interrogatories propounded to it, and refused to provide the documents requested. Further, after initially refusing to produce Debbie Gunter for deposition, they agreed to produce her. On the date of Debbie Gunter's scheduled deposition, she conveniently called in sick and was not deposed. The last pleading we filed administratively was a request an extension of time within which to complete discovery. (Copy Attached). As you know, the request for an extension was denied. Further, we did not depose Barbara Blackwood at the administrative level.

We submitted our discovery requests at the start of the discovery period, as soon as it was clear that we were not going to engage in a timely mediation. Judge Kotelly has set a very short discovery period, which ends in the middle of the Christmas holidays, when many people are unavailable for weeks at a time. Additionally, part of the discovery period encompasses the Thanksgiving holidays. Accordingly, we have a very short window within which to complete discovery. To wait until after the November 29, 2007, mediation to begin conducting depositions, would flippantly ignore Judge Kotelly's Order as to deadlines, and her admonition that extensions of time will be viewed with disfavor. Since BATF's has once refusal to cooperate in the discovery process, we see no reason to lend a second opportunity.

In this morning's voice mail to you, I stated that we are willing to postpone Monday's deposition to a day later in the same week. This would provide the parties with an opportunity to settle this matter informally. Thereafter, we can wait for the assistance of Judge Kaye. In any event, if you want to postpone the depositions until after mediation has occurred, we will not oppose **your motion** to extend the discovery period in light of the problems we have experienced with the scheduling of mediation. If I do not hear from you by Friday, October 26, 2007, 12:00 noon, offering to submit to depositions within the next two weeks, I will assume that the position you stated in your earlier e-mail remains; i.e., that BATF does not intend to appear at any depositions prior to mediation. Thereafter, I will cancel the request for a court reporter and seek remedies under Rule 37, FRCP.

Thank you in advance for your prompt attention to this matter.

Sincerely,

//S//Charles E. Wagner, Esq.
Charles E. Wagner, Esquire
Edward L. Allen, Esquire

Subj:    **RE: Depositions set for November 16, 2007**
Date:    11/13/2007 6:04:52 P.M. Eastern Standard Time
From:    Heather.Graham-Oliver@usdoj.gov
To:      Wagnelliot@aol.com
CC:      Allen200@att.net

I will not be able to attend the depositions that you set for Friday because I have no access to the individual witnesses to tell them about the depositions. I have to go through the General Counsel's office of the ATF. The Agency Counsel is out of the office until Monday. Please call me to arrange a mutually convenient time for the taking of these depositions. Thank you,

Heather Graham-Oliver
Asst. United States Atty.

**From:** Wagnelliot@aol.com [mailto:Wagnelliot@aol.com]
**Sent:** Tuesday, November 13, 2007 5:21 PM
**To:** Graham-Oliver, Heather (USADC)
**Cc:** Allen200@att.net
**Subject:** Depositions set for November 16, 2007

Dear Mrs. Oliver:

Attached hereto is the Plaintiff's response to your voice message of November 12, 2007. As I have indicated to you in the past, while the plaintiff is anxious to participate in mediation, she is not prepared to do so at the expense of properly preparing her case in accordance with Judge Kotelly's order. Judge Kotelly's order overlaps the holiday season. Accordingly, scheduling problems will abound. When you refused to appear at the last deposition, we offered to delay further requests for depositions on the condition that you file for an extension of discovery. Your telephone message indicates that you refuse to do so until seven days before the cut-off of discovery. Accordingly, we have no choice but to proceed.

While your colleagues at BATF may believe that they have sufficient discovery that they need not seek any at this stage, Plaintiff is of the opinion that her discovery to date has been inadequate. As you are aware, the agency denied Plaintiff access to Debbie Gunther during the administrative phase of the case, and we did not depose Barbara Blackwood. Nor did the agency answer any of our interrogatories at that stage or provide us with the documents we requested. The presence of the agency attorney, one of the reasons you requested a delay, is not relevant since he is not an attorney of record in the case.

We look forward to participation in mediation, however, at this time, we are not prepared to hold off obtaining discovery. Therefore we look forward to seeing you on Friday, the 16th of November.

Best regards,

Charles E. Wagner

See what's new at AOL.com and Make AOL Your Homepage.

*Charles E. Wagner, Esq.*
*Silver Spring Centre*
*P.O. Box 14723*
*Silver Spring, Maryland 20911*
*(202) 210-7801*
*Wagnelliot@Aol.com*

October 24, 2007                                    **SENT BY E-MAIL AND FIRST CLASS MAIL**

Heather Graham-Oliver, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney for D.C.
Judiciary Center Bldg.
555-4th Street NW
Washington, D.C. 20530

Re:   Hawkins v. Gonzales
      U.S. District Court No. 07CA00010 (CKK)

Dear Mrs. Oliver:

I received your e-mail of October 23, 2007, indicating that you and your colleagues at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF") will not attend the depositions scheduled for Monday, October 29, 2007, which were noted on October 4, 2007. You state as your reason for refusing to comply with the deposition notice that BATF prefers to complete mediation first. As you know, mediation is set for November 29, 2007, while the deadline for discovery set by the court's order is December 31, 2007. Your preference would leave a very short period within which to complete discovery and resolve any issues related thereto, particularly given the many scheduling difficulties typically encountered during the month of December. Therefore, in fairness to our client, we must insist on going forward with the scheduled depositions. You have suggested that a way to resolve the impasse is to seek an extension of discovery from Judge Kotelly. If you elect the option to extend the deadline, we will not oppose your motion, which we urge you to file as soon as possible.

Because of the tight security at the BATF building at 650 Massachusetts Avenue, the court reporter will not be able to enter the BATF building on Monday without a BATF escort. Similarly, Mr. Allen and I will be barred from the building unless BATF agrees to go forward with the deposition. Accordingly, if I do not hear from you by noon on October 26, 2007, that you intend to go forward with the depositions, I intend to cancel the court reporter, since we will be barred from the building, and take appropriate action under the court's rules.

Thank you for your prompt attention to this matter.

Sincerely,

Charles E. Wagner, Esquire
Edward L. Allen, Esquire

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRIGITTE HAWKINS** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Civ. Act. No. 07-0010 (CKK)** |
| | ) |
| **ALBERTO GONZALEZ,** | ) |
| **ATTORNEY GENERAL** | ) |
| **DEPT. OF JUSTICE,** | ) |
| | ) |
| **Defendant** | ) |

**DEFENDANT'S ANSWERS TO THE**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1.  State the full name and address of the person answering and signing the interrogatories and, if different, state the full name, address, employer, title and position of the individual providing the answers and the person signing the answers.

ANSWER: Diane Filler, Chief, Personnel Division, Office of Management, Bureau of Alcohol, Tobacco, Firearms and Explosives.

2.  With reference to each person who had any input in any decision made by Diane Filler before or after the desk audit of complainant's position, please state their name, sex, age, race, job title, employment history, date of any input, advice, recommendation, comment, or analysis offered regarding the desk audit of Plaintiff's position, as well as the nature and content of that input, advice, recommendation, comment or analysis.

ANSWER: The Defendant herein incorporates the declarations and testimony of Barbara Blackwood and Diane Filler, contained in their depositions and the Report of Investigation prepared in the administrative case.  Both contain relevant and responsive information regarding the requested information.

3. Please identify any document consulted or used by Diane Filler, with respect to the desk audit of Plaintiff's position, and state in detail the analysis and evaluation made by her using such documents in any decision she made with respect to the audit of Plaintiff's position.

ANSWER: The Defendant has identified no such documents.

4.  Please identify any document consulted or used by any person advising Diane Filler, with respect to the desk audit of Plaintiff's position, and state in detail any analysis and

1

evaluation made by that person using such documents in any advice, comment, analysis or evaluation that person made with respect to the audit of Plaintiff's position.

ANSWER: The Defendant has identified no such person and no such document.

5. If Diane Filler used any form of objective evaluation to determine what duties she thought should be removed from Plaintiff's position description, state in detail and with specificity relative to each duty removed, the objective factors relied upon for the removal of each duty, and the relevance of each factor to the removed duty.

ANSWER: The position descriptions in question speak for themselves, insofar as they identify the changes in duties; the Defendant refers Plaintiff to same as they appear in the Report of Investigation and as they have been made available to Plaintiff otherwise. Diane Filler's recollections are that the changes made best described the actual duties such that the newer position description more accurately portrays these duties than the prior position description.

6. If Diane Filler used any form of subjective evaluation to determine what duties she thought should be removed from Plaintiff's position description, state in detail and with specificity relative to each duty removed the subjective factors relied upon for the removal of each duty, and the relevance of each factor to the removed duty.

ANSWER: See the response to Interrogatory 5.

7. Please describe in as much detail as possible the qualifications of the employee Diane Filler selected to perform each duty removed from Plaintiff's position description to support her final position description as a GS-0343-11. For that employee, the description of the qualifications sought are the qualifications as they existed on the date the duties were removed from Plaintiff's position description.

ANSWER: The Defendant objects to this interrogatory insofar as it proceeds from a faulty factual premise. There was no employee "selected" to perform a set of duties that were "removed" from Plaintiff's purview as a result of Ms. Filler's effort to describe Plaintiff's duties in a more accurate way. Plaintiff's job description should not have incorporated certain duties that she said she was doing.

8. Please indicate in as much detail as possible the reasons Debbie Gunther was selected to perform the removed tasks previously assigned to the Plaintiff.

ANSWER: See response to interrogatory 7.

9. Please indicate in as much detail as possible the impact the addition of the additional duties had on the position of the employee to whom they were assigned in terms of position description, organization responsibility and management duties.

ANSWER: See response to interrogatory 7.

10. Please describe in as much detail as possible the budget related education and experience of Diane Filler at the time she assumed the duties of personnel director of ATF.

ANSWER: Although this was not her only or primary responsibility for the job, Diane Filler had, *inter alia*, worked in a position with budget responsibilities while employed at the IRS in the late 1980's. She likewise has attended informal training in budget since her employment began at ATF.

11. Please describe in as much detail as possible the budget related education and experience of Debbie Gunther at the time she assumed the duties removed from Plaintiff's position description.

ANSWER: See the response to interrogatory 7. Notwithstanding these objections, and not wishing to waive same, Ms. Gunther took courses in Accounting in college. Please refer to Ms. Gunter's deposition on this point.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

3

/s/
_____

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Answers to Plaintiff's First Set of Interrogatories was served

upon Plaintiff by electronic mail at wagnelliot@aol.com on December 24, 2007, and by

depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:


Mr. Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Silver Spring, Maryland 20911


on this 26th day of December  2007.


/s/

_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney

fedex.com 1.800.GoFedEx 1.800.463.3339

**FedEx** Express

**US Airbill**

FedEx
Tracking
Number  **8627 0591 8898**

RECIPIENT: PEEL HERE

This portion can be removed for Recipient's records

**1 From**

Date 12/27/07

FedEx Tracking Number 8627 0591 8898

Sender's Name  Heather Graham-Oliver

Company  USDOJ/US ATTY OFC

Address  555 4TH ST NW

City  WASHINGTON  State  DC  ZIP  20530-0001

Phone 202 305-1334

**2 Your Internal Billing Reference**

**3 To**

Recipient's Name  Mr. Edward L. Allen Esq

Company  Attorney at Law

Recipient's Address  1400 Locust Road  NW

We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address

City  Washington  State  DC  ZIP  20012

Dept/Floor/Suite/Room

0366460999

Form
I.D. No.  **0215**

**4a Express Package Service** *Packages up to 150 lbs.*

☐ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx First Overnight

☐ FedEx 2Day
☐ FedEx Express Saver

**4b Express Freight Service** *Packages over 150 lbs.*

☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

**5 Packaging**

☐ FedEx Envelope*
☐ FedEx Pak*
☐ FedEx Box
☐ FedEx Tube
☐ Other

**6 Special Handling** Include FedEx address in Section 3.

☐ SATURDAY Delivery
☐ HOLD Weekday
☐ HOLD Saturday

Does this shipment contain dangerous goods?
☐ No  ☐ Yes  ☐ Yes
☐ Dry Ice
☐ Cargo Aircraft Only

**7 Payment** Bill to:

☐ Sender
☐ Recipient
☐ Third Party
☐ Credit Card
☐ Cash/Check

Total Packages  Total Weight

519

**8 Residential Delivery Signature Options**

☐ No Signature Required
☐ Direct Signature
☐ Indirect Signature

Rev. Date 10/06•Part #157270•©1994-2006 FedEx•PRINTED IN U.S.A.•SRS

Recipient's Copy

SPH21

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIGITTE HAWKINS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civ. Act. No. 07-0010 (CKK)** |
| | ) |
| **ALBERTO GONZALEZ,** | ) |
| **ATTORNEY GENERAL DEPT. OF** | ) |
| **JUSTICE,** | ) |
| | ) |
| **Defendant** | ) |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S ANSWERS AND OBJECTIONS
### TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

_____

1.      Please state the full name and address of the person answering and signing the interrogatories and, if different, state the full name, address, employer, title and position of the individual providing the answers and the person signing the answers.

ANSWER:  Diane Filler, Chief, Personnel Division, Office of Management, Bureau of Alcohol, Tobacco, Firearms and Explosives.

2.      Please indicate the number of desk audits which were conducted by the Personnel Division of the BATF or any agent or contractor of the BATF within the past five (5) years. With respect to any audits, indicate the number of audits which resulted in each of the following: a) promotions, b) demotions, or c) retention at the employee's grade at the time of audit.

ANSWER: Objection: relevance and overly broad.  Without waiving the objection, the agency is in the process of searching for any responsive documents and will seasonally supplement its response to this request, to the extent that such information exists.  Moreover, the only employee who has requested a desk audit during the time Diane Filler has been the Chief of Human Resources, May 2004, is the Plaintiff.

3.      Please indicate the number of positions, reflected in your answer to #2, which were modified after an audit, by removing duties from the audited position and before a final classification of the position.

ANSWER:.  See Answer to No. 2.

4.      Please describe Debbie Gunther's duties as a manager and/or supervisor within the

Personnel Division of BATF and indicate when she assumed these duties.

ANSWER:    Will supplement to the extent that it was not answered already in deposition.

5.    Please indicate all duties taken from the Plaintiff and/or removed from the Plaintiff's Position Description, following her desk audit.

ANSWER:    None.

6.    Please name any person or persons to whom the plaintiff's duties were reassigned after Plaintiff's audit, along with the education, training, experience or other qualifications of such person or persons to assume the duties taken from the plaintiff.

ANSWER:    No other person was reassigned the duties of the plaintiff's position.

7.    If the position previously occupied by the Plaintiff within the BATF has been filled, please state the qualifications of any person who has occupied the position vacated by the plaintiff as well as any positions held by such persons within the three years (3) prior to his/her assignment to the position previously occupied by the plaintiff.

ANSWER:    The position has been filled as indicated by Ms. Gunther at her deposition.  This employee's resume is subject to the Privacy Act but will be provided upon execution of a stipulated Privacy Act Protection Agreement and Order.


Respectfully submitted,


/s/
_____
JEFFREY A. TAYLOR,
D.C. BAR # 498610
United States Attorney



/s/
_____
RUDOLPH CONTRERAS,
D.C. BAR # 434122
Assistant United States Attorney


/s/

2

_____
       HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing Answers to Plaintiff's Second Set of Interrogatories was

served upon Plaintiff by electronic mail at <u>wagnelliot@aol.com</u> on December 24, 2007, and by

depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:


Mr. Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Silver Spring, Maryland 20911


on the 26th day of December  2007.



/s/
_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney

4

Subj:    **RE: Deposition scheduled for October 29, 2007**
Date:    10/24/2007 10:15:00 A.M. Eastern Standard Time
From:    Heather.Graham-Oliver@usdoj.gov
To:      Wagnelliot@aol.com

We will produce our witnesses to be deposed after the 29th of October.  Also, I will prepare the motion for an extension of time.

Thanks,\

Heather Graham-Oliver

---

**From:** Wagnelliot@aol.com [mailto:Wagnelliot@aol.com]
**Sent:** Wednesday, October 24, 2007 10:41 AM
**To:** Graham-Oliver, Heather (USADC)
**Subject:** Re: Deposition scheduled for October 29, 2007

Dear Mrs. Oliver:

Attached hereto is a letter which responds to your e-mails indicating that BATF will not produce their witnesses to be deposed on October 29, 2007.  Of course, that places us in  a difficult position.  We concur in your assessment that a request for an extension of the discovery period would resolve the matter.  However, inasmuch as the difficulty is being generated on your side of the case, it is appropriate that you file the motion for an extension in order to permit mediation to occur first.  As we note in the letter, we will not oppose your request for an extension.

Best regards

CEWagner
EAllen

---

See what's new at AOL.com and Make AOL Your Homepage.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIGETTE HAWKINS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **Civ. Act. No. 07-0010 (CKK)** |
| | ) **Status Conference : 01/11/08** |
| **ALBERTO GONZALES,** | ) |
| **ATTORNEY GENERAL DEPT. OF** | ) |
| **JUSTICE,** | ) |
| | ) |
| **Defendant.** | ) |

### CONSENT
### MOTION FOR AN EXTENSION OF TIME TO CONDUCT DISCOVERY

Defendant, by and through its undersigned attorneys, hereby respectfully requests an enlargement of time, to and including March 31, 2008 to complete discovery in this matter. Discovery is now set to conclude on December 31, 2007. Plaintiff, through counsel, consents to the filing of this motion.

According to the Court's Order dated June 26, 2007, discovery will close on December 31, 2007. The additional time is being requested because the parties are now initiating communication about the possible resolution of the aforementioned lawsuit. Consequently, the parties are scheduled for mediation on November 29, 2007. This time is also requested in order to permit the parties to conduct the necessary discovery should the scheduled mediation be unsuccessful.

Accordingly, defendant respectfully requests that it be allowed up to and including Monday, March 31, 2008, to complete discovery in this matter. No other dates will be effected by this extension.

Respectfully submitted,

/s/

_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

_____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____ /s/

_____

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

2

| Subj: | **RE: Hawkins v. Gonzales ( 07CV00010 (CKK) Outstanding Discovery (1st and 2nd Interrogatories, Request for Documents, and Depositions)** |
|---|---|
| Date: | 12/14/2007 2:15:43 P.M. Eastern Standard Time |
| From: | Heather.Graham-Oliver@usdoj.gov |
| To: | allen200@att.net |
| CC: | Wagnelliot@aol.com |

I had a discussion with your colleague, Charles Wagner, on today's date. I told him that we were working on the written discovery and that I could get the answers to him as well as the documents by next Friday, December 21, 2007. I also indicated to him that the depositions of two of the witnesses could go forward on the 18th. I have since learned from Agency counsel that the depositions of all three of the witnesses can go forward on the 18th. So, I expect to see you both then.

If there is anything else, please let me know.

Heather  Graham-Oliver
Assistant United States Attorney
555 Fourth St., NW
Civil Division
Washington, D.C. 20530

**From:** EDWARDLALLEN [mailto:allen200@att.net]
**Sent:** Friday, December 14, 2007 1:50 PM
**To:** Graham-Oliver, Heather (USADC)
**Cc:** Wagnelliot@aol.com
**Subject:** Hawkins v. Gonzales ( 07CV00010 (CKK) Outstanding Discovery (1st and 2nd Interrogatories, Request for Documents, and Depositions)

Dear Mrs. Oliver:

    On 12/14/07, at approximately 12:25 p.m., I contacted Sandy Middleton, Judicial Assistant to Judge Kollar-Kotelly (202) 354-3340. This followed your discussions with Charles Wagner of 12/14/2007, at approximately 12:00 noon concerning the need for a conference with the Judge concerning outstanding discovery. The purpose of the call to Judge Kotelly was to determine the procedure for initiating a conference call with the Judge to resolve our "discovery dispute." I have been advised by Ms. Middleton that Judge Kotelly will be away from the Court until after Christmas and will will return on or after December 26, 2007. In addition, Ms. Middleton advises that if a conference call would help to facilitate discovery issues, both parties are required to fax a short explanation (not more than one page) to the Court, outlining the discovery issue, along with a contact number. The parties will be required to provide a mutual time for the conference, and call-in at the designated time (or the Court may contact the parties and set up the call. If a conference is unlikely to resolve discovery issues, appropriate motions may be filed. Please understand that Charles Wagner and I (Edward L. Allen) will be available at your convenience, if you wish to participate in a conference call. Charles will be available on (202) 291-3286. I will be available at (202) 262-8550.

    Please advise immediately if you believe a conference call will facilitate a resolution of ALL discovery issues, including overdue Interrogatories, Request for Production of Documents and production of witnesses, who have been noticed for depositions, but who have not been produced by the agency. In addition to seeking a conference call, please understand that the Plaintiff in all likelihood will file a Motion to Compel Discovery, as discovery is scheduled to end on or about December 31, 2007, only a few days after Judge Kotelly is due to return.

    Thank you in advance for your prompt attention.

    Respectfully submitted

    Edward L. Allen

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BRIGITTE R. HAWKINS                )
                  Plaintiff,      )
                          )      CASE NO. 07CV00010 (CKK)
          v.               )  OPPOSITION TO MOTION TO EXTEND
                          )  DISCOVERY
MICHAEL B. MUKASEY,            )      NEXT DATE: JANUARY 1, 2008
  ATTORNEY GENERAL,           )          STATUS HEARING
               Defendant.      )
_____ /

**<u>ORDER</u>**

      This matter having come before the Court on the Motion of the Plaintiff for a protective
Order directing that further discovery by the Defendant not be had, and the Court having been
advised of the grounds therefor and the opposition to the motion, it is therefore:

      ORDERED, that the December 31, 2007,deadline for discovery set by the Court in its
Scheduling Order, will not be extended and further discovery in this case will not be allowed.

Date: _____, 2008                    _____
                                        Judge Colleen K. Kotelly
                                      U.S. District Judge

Parties to be served:

Heather Graham-Oliver, Esq.
Assistant U.S. Attorney
Office of U.S. Attorney,
555 4th Street NW
Washington, D.C.  20530

Charles E. Wagner, Esq.
P.O. Box 14723
Silver Spring, Maryland 20911