UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRIGETTE HAWKINS** | ) |
| | ) |
|       **Plaintiff,** | ) |
| v. | ) |
| | ) Civ. Act. No. 07-0010 (CKK) |
| | ) Status Conference : 01/11/08 |
| **ALBERTO GONZALES,** | ) |
| **ATTORNEY GENERAL DEPT. OF** | ) |
| **JUSTICE,** | ) |
| | ) |
|       **Defendant.** | ) |

## RENEWED MOTION FOR AN EXTENSION OF TIME
## TO CONDUCT DISCOVERY

Defendant, by and through its undersigned attorneys, hereby respectfully requests an enlargement of time, up to and including March 14, 2008, to complete the discovery in this matter. Defendant has attached a proposed Joint Discovery Plan. See Exhibit A. Discovery was set to conclude on December 31, 2007.[1] To date, Plaintiff has deposed three federal witnesses in this case, including the alleged discriminating official.[2] Defendant on December 24, 2007, responded to Plaintiff's written discovery; however, verification sheets must still be provided. See Exhibit A. Defendant also submitted to the Plaintiff a draft stipulated Privacy Act Protective

---

[1] The parties together originally requested until March 31, 2008 to complete discovery; however, the Court denied the request without prejudice on November 20, 2007. Subsequently, on November 29, 2007, the mediation occurred, but was unsuccessful. On December 4, 2007, the Plaintiff filed her Motion for extension of the discovery deadline until January 10, 2008. On December 27, 2007, Defendant filed its Cross-Motion for extension of the discovery deadline until February 29, 2008. On December 28, 2008, the Court denied both motions without prejudice and ordered that the parties may renew their motions on or before January 4, 2008 with a Joint Revised Status Report as to Discovery Plan. See PACER DKT.

[2] Plaintiff deposed: Diane Filler, Chief, Personnel Division, Office of Management, BATF; Barbara Blackwood, a classification specialist and a contract employee at BATF who audited Plaintiff's position; and Debbie Gunther, a Manager at BATF, who became the plaintiff's immediate supervisor. These depositions took place on December 18, 2008.

Order for her review. That Privacy Act stipulation, which the Plaintiff approved, has also been filed on today's date.

Essentially, Plaintiff has acquired much of its discovery from the Defendant within the original discovery deadline. The additional time is being requested to permit defendant to complete the necessary written and testimonial discovery to prepare Defendant's case. Such a request will not prejudice the Plaintiff. Defendant's counsel was ill during much of the discovery period and acted to some extent under the mistaken premise that (1) discovery would not begin until after the mediation; and (2) settlement was likely.

At the initial Scheduling Conference, it was agreed that the case could be submitted to mediation prior to the onset of discovery. As a consequence, mediation was initially set for September 17, 2007. Unfortunately, undersigned counsel had an extended medical leave for three weeks during the month of September, which prevented her from returning to work until September 24, 2007.[3]

Accordingly, because of scheduling conflicts, the mediation date was re-scheduled for November 29, 2007. This was the only available date for the client Agency who is necessarily involved with the settlement decision in the case. Counsel for the Agency, BATF, was also assigned to defend another employment matter outside of this District, and was not available until mid-to-late November. Since the instant matter involves a desk audit, mediation was thought to be a plausible way of resolving the dispute between the parties.

Due to defense counsel's medical emergency, she was out of the office for the majority of

---

[3] Even upon returning, Counsel worked half days and had follow-up medical care, taking her out of the office.

the month of September and, upon her return, had to catch up with a rigorous workload and heavy docket. The leave had a rippling effect on all of the deadlines in the undersigned's cases, including this one. Mention of the medical leave was not made in the initial motion for extension of time filed in November because the undersigned was perhaps overly protective of her privacy and hesitant to put such information into a public forum, even though it was one of the reasons why discovery had not been initiated by that point.

Moreover, Counsel has had responsibilities in the following cases: Reply Brief in Winston v. Samper, Civ. Act No. 07-1411(RWR); preparing for oral argument in Roseboro v. Library of Congress, Civ. Act. No. 06-0602 (TFH); answering written discovery, preparing witnesses and defending depositions in Esquibel v. Cino, Civ. Act. No. 06-1485 (PLF); preparing witnesses, defending depositions and answering written discovery in Hawkins v. Gonzales, Civ. Act. No. 07-0010 (CKK); preparing for mediation and settling, Legnini v. USA, Civ. Act. No. 06-0012 (RJL); and Bailey v. U.S. Postal Service, Civ. Act. No. 98-2224 (HHK); reviewing documents, as well as resumes and interviewing contract personnel in Anderson v. Dept. of Educ., Civ. Act. No. 06-1565 (RMC). Accordingly, Defendant seeks this additional time.

This motion is not for purposes of delay but for good cause shown. Rule 6(b)(1) gives a Court broad discretion to grant an extension if a "request" is made before the time for filing expires for "cause shown," and such motions are often granted in the absence of bad faith or prejudice to the adverse party. See Fed. R. Civ. P. 6(b)(1); see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151, n. 4 (D.C. Cir. 1996) (observing that "the decision whether to grant a motion for continuance" pursuant to Fed. R. Civ. P. 6(b)(1) "is a matter within the district court's discretion."); Gov't Relations Inc. v. Howe, 2007 WL 201264,

3

*7 (D.D.C. 2007) (referencing the "more lenient standard applied under Rule 6(b)(1)"); Koehler v. Dodwell, 215 F.3d 1319, 2000 WL 709578, *3 (4th Cir. 2000) (unpublished decision) (noting that "'[a]n application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party'")(quoting 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (2d ed.1987)); Structural Concrete Products, LLC v. Clarendon America Ins. Co., 244 F.R.D. 317, 327 (E.D. Va. 2007) (same); Mickalis Pawn Shop, LLC v. Bloomberg, 465 F.Supp.2d 543, 545 (D.S.C. 2006) (same).

Plaintiff will not be prejudiced by the grant of this motion. Defendant is seeking to conduct discovery. That is not out of the ordinary. Defendant is seeking to depose the Plaintiff, obtain answers to its interrogatories and the production of documents. It is hardly burdensome to request discovery and Plaintiff will not be prejudiced by it. On the other hand, Defendant will be prejudiced if foreclosed from the opportunity for fact gathering in this case.

Defendant is also seeking to file an expert report to prevent surprise when filing its motion for summary judgment. Defendant intends to present an expert who will clarify what a desk audit is and what the proper procedures are under regulatory guidelines. Plaintiff sent the Defendant a Rule 26 disclosure statement listing Barbara Blackwood as her expert and attaching Ms. Blackwood's affidavit given at the administrative EEO level. Defendant seeks to find someone to address Ms. Blackwood's proposed "expert" opinions. Presentation of a rebuttal expert will not be unfairly prejudicial, and will assist the Court in fairly resolving this case.

For all of the foregoing reasons, defendant respectfully requests that this motion for more

time be granted.

          Respectfully submitted,

          /s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

          /s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

          /s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BRIGITTE HAWKINS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civ. Act. No. 07-0010 (CKK) |
| | ) | Status Conference : 01/11/08 |
| **ALBERTO GONZALES,** | ) | EXHIBIT A |
| **ATTORNEY GENERAL DEPT. OF** | ) | |
| **JUSTICE,** | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT AS TO DISCOVERY PLAN

Pursuant to this Court's order of December 28, 2007, the Parties conferred by electronic transmission on January 2, 3 and 4, 2007 and submit the following Status Report as to a Discovery Plan, setting out dates or date ranges for depositions, the exchange of written discovery and expert reports, in the event the Court extends discovery:

1. **WRITTEN DISCOVERY**:

   i) **Plaintiff**

   - On or before January 28, 2008, should the Court permit discovery, the Plaintiff will respond to the Defendant's written discovery, which comprises of one set of interrogatories and a production of documents request.

   ii) **Defendant**

   - On January 8, 2008, the Defendant will provide Plaintiff with supplemental interrogatories signed under oath by the person providing the answers to Plaintiff's first and second set of interrogatories.

   - Within five (5) business days of this Court's execution of the Parties' Stipulated Privacy

Act Order and its entry on the PACER docket, the Defendant will produce any and all documents that have been requested but not produced pending issuance of the order.

2. **DEPOSITIONS**:

    i) **Plaintiff**

- During the week of January 14, 2008, Plaintiff desires to depose three witnesses, who were already deposed in December in this action. Defendant will file a Motion for Protective Order on January 9, 2007, pertaining to two of these witnesses who were deposed on December 18, 2007.[1] Plaintiff may depose one additional witness during this time. [Defendant's comment: Defendant would have no objection to the deposition of witnesses who have not previously been deposed, subject to the applicable limitation on the total number of depositions.]

    ii) **Defendant**

- On January 30, 2008, Defendant will take the deposition of the Plaintiff.

- During the week of February 11, 2008, Defendant will take the deposition of any other fact witness revealed by plaintiff's responses to defendant's written discovery.

3. **EXPERT REPORTS AND DISCOVERY**:

- Defendant will submit its Rule 26(a)(2)(B) statement on or before January 31, 2008.[2]

---

[1] The Protective Order would cover Diane Filler and Debbie Gunther. Both Diane and Debbie were deposed on December 18, 2007. The Defendant will be requesting that they not be deposed or in the alternative that the depositions be held at the U.S. Attorney's Office, limited to 1 hour each and the questioning limited to new issues that arose for the first time due to the defendant's answers to plaintiff's interrogatories. Although Plaintiff has filed a motion for Protective Order on today's date, he participated in the creation of this Joint Report and consented to its being filed. See Exhibit B.

[2] Plaintiff provided Defendant with a Rule 26(a)(2)(B) disclosure, indicating that Barbara Blackwood, a fact witness in this case, would also serve as Plaintiff's expert witness. Attached

- During the week of February 18, 2008, Plaintiff will take the deposition of the Defendant's expert witness, in the event the Court extends discovery.

[Plaintiff's Comments: Because Defendant did not provide a Rule 26(a)(2)(B) statement by November 22, 2007, the date specified in the scheduling order, Plaintiff objects to the calling of any expert witness by the Defendant. No indication has been given as to: (1) who the expert is; (2) what the expert's qualifications are; or (3) what this expert would testify about. Because Plaintiff is relying on the testimony of Mrs. Barbara Blackwood to provide any specialized knowledge in support of her case, and Mrs. Blackwood is employed by the Defendant, Plaintiff must be able to recall Mrs. Blackwood relative to the testimony of Defendant's expert if he/she undercuts her testimony. Further, depending upon the Rule 26(a)(2)(B) report of Defendant's expert, Plaintiff must seek an expert witness to counter the newly identified expert of the Defendant. Taking everything into consideration, this would more than likely push the closing date for discovery to beyond the 29th of February][3].

4.  **MISCELLANEOUS:**

    - Discovery will be completed on March 14, 2008.

    - On January 9, 2008, Defendant will file a motion for protective order to cover those witnesses who have already been deposed in this action.[4]

Dated: January 4, 2007

---

to the Rule 26 disclosure statement was Ms. Blackwood's affidavit. Ms. Blackwood was deposed by the Plaintiff on December 18, 2007.

[3] Defendant had originally requested until February 29, 2008.

[4] January 9 was chosen because Defendant has an oral argument in the Court of Appeals on January 8, 2008, and cannot complete the motion until after that argument.

Respectfully submitted,

For Plaintiff:

           _____/s/_____
           Charles E. Wagner, Esq.
           Counsel for Plaintiff
           Silver Spring Centre
           P.O. Box 14723
           Silver Spring, Maryland 20911
           (202) 210-7801

For Defendant:

           /s/
           _____
           JEFFREY A. TAYLOR,
           D.C. BAR # 498610

           /s/
           _____
           RUDOLPH CONTRERAS,
           D.C. BAR # 434122
           Assistant United States Attorney

           /s/
           _____
           HEATHER D. GRAHAM-OLIVER
           Assistant United States Attorney
           Judiciary Center Building, Room E4808
           555 4th Street, NW
           Washington, D.C. 20530
           Tel: (202) 305-1334
           Fax: (202) 514-8780

**Graham-Oliver, Heather (USADC)**

| | |
|---|---|
| **From:** | Wagnelliot@aol.com |
| **Sent:** | Friday, January 04, 2008 1:17 PM |
| **To:** | Graham-Oliver, Heather (USADC) |
| **Subject:** | Re: revised discovery Plan |

Mrs. Oliver:

I think that the document is ready to file. I would like one phrase added after expert reports on the fourth line, "in the event the Court extends discovery." With that addition, I am satisfied. I have also thought about the red portion. Perhaps it is best to change it to Black since the document looks bizarre in its present form.

Best regards

CEWagner

---

Start the year off right. Easy ways to stay in shape in the new year.

*Exhibit B*