UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BRIGITTE R. HAWKINS,        )
                          )
        Plaintiff,      )
                          )      CASE NO. 07CV00010 (CKK)
      v.                )      OPPOSITION TO  MOTION TO
                          )      EXTEND DISCOVERY
                          )      (NEXT DATE:  JANUARY 11, 2008
MICHAEL B. MUKASEY,     )      STATUS HEARING)
  ATTORNEY GENERAL,     )
                          )
        Defendant.    )
_____/


PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO EXTEND DISCOVERY

## I.    PRELIMINARY STATEMENT

Plaintiff, by counsel, pursuant to FRCP 269c), 30(d) and 37(d), hereby opposes the Defendant's request to extend the period, within which the Defendant would take discovery. The Motion fails to comply with the Court's Order of  December 28, 2007, directing the parties to "explain the exceptional circumstances" which would warrant an extension of discovery.  We adopt by reference and incorporate as if fully set forth herein the Plaintiff's Motion for a Protective Order filed January 4, 2008, in this case. See FRCP 10(c).

## II.    RESPONSES TO DEFENDANT'S ASSERTIONS

In opposition of the Defendant's motion, Plaintiff asserts the following:

1.  Defendant's motion contains many misleading statements and half-truths to compensate for the absence of "exceptional Circumstances" required by the Court's minute order of December 28, 2007.[1]

---

[1]  In her first footnote, Defendant asserts that the "parties together originally requested until March 31, 2008, to complete discovery.  The truth is that the Plaintiff demanded that the defendant make the request inasmuch as its refusal to cooperate with discovery gave rise to the

2.   While the first paragraph on page two of the motion correctly notes that the Plaintiff has acquired much of its discovery within the original deadline, the motion does not reveal that what the Plaintiff did not obtain was due to the delaying and obstructionist tactics of the defendant that were designed to frustrate the Plaintiff's quest for discovery, e.g., unusable answers to interrogatories and the impeding the ability of the Plaintiff to depose the witnesses by withholding written discovery.

3.   While the first paragraph on page two of the motion also correctly notes that the time requested by the Defendant would enable him to complete discovery and to prepare his case, the Defendant refuses to admit that the time given by the Court which it eschewed was more than sufficient to permit him to prepare his case.  While the parties asked for two (2) months in their Rule 16.3 report, the Court gave the parties three (3) months, and the Defendant **never** sought any discovery during the time allotted by the Court.

4.   The first paragraph on page two of the motion falsely states that the Defendant's counsel was ill during much of the discovery period.  It is clear that counsel's three-week illness occurred in September, and was over by September 24, 2007, as set forth in paragraph two of her motion.  She was back in the office before the discovery period began on October 1, 2007, and able and willing to thwart the Plaintiff's quest for discovery.   We are offered only vague suggestions that the Defendant's attorney suffered unspecified ailments during the discovery period, but no indication as to their extent or severity.  At no time prior to the

---

need for additional time, not that the Plaintiff needed it.  Moreover, the Plaintiff merely did not oppose the motion, which is not the same thing as joining in the motion. It should be remembered that the parties Rule 16.3 statement, filed with the court before the first status hearing, asked for **two months** within which to complete discovery; the Court gave the parties **three months** instead.  Moreover, the Court rejected the Defendant's first motion because the Defendant did not give any reason, just as it cannot do now, for the need for the extension. The suggestion that the motion was filed jointly is intended to convey the impression that the Plaintiff somehow needed the three month extension. When the Plaintiff filed her precautionary motion for an extension, she only asked for a ten day extension.

filing of this motion has Defendant's counsel hinted, much less mentioned, that her illness was playing any role in the failure of the Defendant to seek discovery or that it was a factor in his opposition to Plaintiff's discovery requests. Nor is there any showing that she sought assistance from her colleagues in her office, or from the client agency, and was denied that assistance. In ¶ 2 on page three of her motion, she indicates that **she worked on discovery** during the period between October 1, 2007 and December 31, 2007, in two other cases. She offers no justification as to why she selected those cases over this one, and was unable to seek a single piece of discovery in this case. In an age where the preparation of similar cases can be greatly aided by the cut and paste features found on most computers, there is no showing that any discovery she sought was so unique that it had to be invented. Nor are we treated to an explanation as to why an office, that handles many Title VII cases, did not have boilerplate discovery from those case, on computer disks or flash drives, that could be modified to suit this case. We submit that the reason she did not seek discovery in this case was because of her often stated reason: the parties had added discovery at the agency level, i.e., the Plaintiff was deposed, answered interrogatories, provided an affidavit to the EEO investigator and responded to Defendant's requests for documents.

5. In the first paragraph on page two of the motion, Defendant's counsel opines that she did not think that discovery would begin until after mediation; the scheduling order does not say that, and her claim is further belied by a) her insistence to Plaintiff that further discovery by either party was not warranted because it was had at the administrative level, b) her claim that an extension of discovery could be easily obtained from the Court if both parties wanted it (Exhibit F), c) her refusal to cooperate with discovery after mediation and d) her failure to seek discovery or file a motion for an extension until December 27, 2007. Finally, because the Defendant planned to make the same final offer it made during the

administrative phase, which the Plaintiff rejected, her claim that "settlement was likely" is false, even though they mislead Plaintiff to believe that was the case.  The misleading statements to Plaintiff, "that settlement was likely" led Plaintiff to show **<u>unusual</u>** restraint in seeking the Court's assistance prior to November 29, 2007.  The mediation ploy of the defendant was a device to  up the pressure on Plaintiff by filing an "Offer of Judgment" with only four weeks left for discovery, which they planned to impede.  Their belief that "settlement was likely" no doubt was based on their belief that an offer of judgment would stampede greedy lawyers into the slaughter pen.

6.  She states that because of scheduling conflicts, mediation could not be rescheduled until the 29th of November.  What she does not tell the Court is that Plaintiff offered to informally discuss settlement well in advance of the 29th of November, and the offer was refused. (Exhibit G, page 1, ¶3 ).  Moreover, the scheduling conflicts were one sided in that Plaintiff and her attorneys were available every day except one during the period from the 17th of September to November 29.  Rather, Defendant insisted that the 29th was the only day the financial person from the agency and its attorney could join her for the mediation.  As it turned out, neither Defendant's attorney [2] nor the so-called financial person attended the mediation.  And since they were merely going to renew their old offer, waiting was never necessary.

7.  For the rest of her motion, the Defendant's attorney hides behind the "medical emergency" to explain the "exceptional circumstances" for her inaction from October 1, 2007, till December 31, 2007.  She offers in the first paragraph on page 3 that the reason she did not mention her medical situation in her first motion for an extension was because she

---

[2]  Plaintiff's counsel was advised that the Defendant's attorney was attending a training class on the day of the mediation.

"was perhaps overly protective of her privacy and hesitant to put such information in a public forum." At no time during the discovery period did she hint to Plaintiff that the reason she was not cooperating with discovery, or **initiating** discovery, was she had a medical problem. Nor did she include this reason in her motions filed on November 19, 2007, or December 27, 2007. Even now she does not reveal the nature of her problem, or make an in camera presentation to the Court. Indeed, all that is required to give credence to the claim was some revelation that the problem was of a nature that it existed in substantial form after September 24, 2007, and that it would have likely impeded a) the Defendant from seeking discovery or cooperating with it. Defendant's counsel does not attach any leave records to support her claims, notes from a doctor indicating that she was under his/her care, or that she was so incapacitated that she could not or did not work from home. Nor does she cite one attempt to seek discovery within the time allowed for discovery.[3] Fifty years ago, an absence from the office might have been disruptive. In this era, workers can tele-commute and work just as effectively at home as at the office. Moreover, her medical emergency did not make her unavailable after the 24th of September and she was always available to thwart Plaintiff's efforts to get discovery.

8. Her **unsworn** claim that her work on seven cases absorbed all of her time is not worthy of credence. If she worked on only the seven cases she listed during the discovery period, that is not a heavy caseload, as the Court well knows. A breakdown of the meager

---

[3]    Her unreasonable attempt to depose the Plaintiff on New Year's eve, and her serving interrogatories to be answered 30 days after the deadline cannot constitute a good faith attempt to conduct discovery within the time line set by the Court.

work [4] she claims she did on each case shows the frivolity of her claims:[5] a) **Two** cases involved work on discovery.  No showing is made as to why that discovery was so exhausting or special that it barred seeking discovery in this case.  b) **Two** cases involved preparation for mediation and settlement.  This claim is incredible since whether a settlement is reach is largely dependent on the amount the party is willing to pay or receive to settle the case.  c) Counsel claims she had to prepare for oral argument in **one** case.  Usually, this consists of rereading the briefs and making an outline of points to raise during argument. d) In **one** matter, counsel was required to review resumes and interviewed personnel in a contract matter.  Based upon the information provided, she participated in the hiring of a person(s), and e)  finally, she had to write a **reply** brief in another case before Judge Richard Roberts.  Usually such briefs are far shorter than the main brief which it supports. We are not told of the length of this brief, but we invite the Court's attention to the fact that reply briefs in the Court of Appeals are limited to 15 pages. See FRAP 32(a)(7)(A).  Finally, there is nothing in the record that indicates that Defendant's counsel was largely incapacitated during the discovery period.  This vague medical problem is the only excuse she can offer to satisfy the Court's requirement for exceptional circumstances.

9.   Her other excuse for not cooperating with Plaintiff is that she thought that mediation would suffice.  Well, what about her cooperation after mediation?  She even refused to give her consent to Plaintiff's motion for an extension!  And when she finally sent

---

[4]  If the Defendant's attorney did work which was more substantial that the type claimed, she would have mentioned it.  Her catalogue of the work done is identical to the work she outlined in her December 27, 2007, motion for an extention.

[5]  Defense Counsel has a history of advancing frivolous reasons for not doing what is required.  At one point during the discovery period, she resisted producing the witnesses for depositions by claiming that the agency attorney was out of town and she did not have access to the witnesses.  When reminded that they, as well as she, were part of the same agency and that there was a central locator, and that the agency attorney was not a counsel of record in the case, she then claimed that she would be unavailable. ( Exhibit A )

the written discovery material, she waited until the eve of the deadline and then sent incomplete discovery. Moreover, even the answers to the interrogatories did not conform to the rules and were unsworn and unsigned by the person answering the question. (See Exhibit B)

10. The Defendant does not discuss the discovery he received at the agency level or explain why it was inadequate. The Plaintiff was deposed, she answered Defendant's interrogatories, she gave an affidavit to the EEO investigator that was supplied along with the investigative file to the Defendant, and responded to Defendant's request for documents. In fact, the adequacy of this discovery, at all times relevant to the motion, in Defendant's opinion, was justification enough for him to resist Plaintiff's discovery demands.

11. The Defendant opines that Plaintiff will not be prejudiced by the grant of the requested relief. The Plaintiff was prejudiced by the resulting delay in the resolution of her case. She is prejudiced by the failure and refusal of the Defendant to give her timely discovery which would have enabled her to fully use the three months assigned by the Court. To correct this shortfall, Plaintiff would have to spend more money to further depose the witnesses to whom the withheld discovery applied. Further, on January 3, 2008, the Defendant **now** advises the Plaintiff that, as a result of Plaintiff's demand that Defendant supply answers, which complies with the rules for a signed statement, under oath, a person other than Mrs. Filler will now answer the second set of interrogatories which were provided on the eve of the deadline. ( Exhibit C). If the interrogatories had been supplied in a timely fashion, Plaintiff would have elected to depose that new person. Plaintiff is prejudiced even now because the Defendant has yet to present her with interrogatories that comply with the rules. The discovery we have seen to date, raises unexpected issues and circumstances, which would have been explored during the depositions of the key defense witnesses if the

material had been made available in a timely manner.

12.  The Defendant now states that he needs to seek out an expert witness to **impeach** the testimony of his employee, Mrs. Blackwood.  If she was somehow lacking in her performance, the Defendant's remedy is to give her additional training to correct her understanding of her job, the shortcomings of her desk audit and to test her testimony on cross.  The Defendant has known since this case was filed at the administrative level that the testimony of its employee was in issue, and the key to the resolution of this case.  He ignored the Court's deadline of November 22, 2007, for filing a FRCP 26(a)(2)(B) statement.   As noted in our earlier submission, Mrs. Blackwood was neither retained, nor employed by Plaintiff to give an expert opinion as contemplated by FRE 702.  She is employed by the Defendant and is only involved in this case because she did the desk audit in issue. Defendant now wants to seek an expert to testify that the audit was not done properly, a claim that is being raised for the first time in this case.  If that is the case, the Defendant can reveal that fact on cross-examination using the OPM personnel regulations.  At no time during the discovery period did the Defendant seek to depose Blackwood regarding her improper techniques. Moreover, the same regulations that Blackwood relied upon, but did not follow, can be submitted in support of any motion for summary judgment.  Since Blackwood is the Defendant's employee and presumptively biased in his favor, if the Defendant is allowed to obtain an expert at this late date, Plaintiff must also seek an unbiased expert and submit him/her for cross-examination, along with added expense.

### III.   POINTS AND AUTHORITIES

### A.  DEFENDANT DOES NOT DESERVE AN EXTENSION

Scheduling issues are reviewed under an abuse of discretion standard. Gonzales v. Ingersoll Milling Mach. Co., 133 F.3d 1025, 1030 (7th Cir. 1998); Campania Management

Co., Inc. v. Rooks, Pitts & Poust, 290 F.3d 843, 850-51 (7th Cir. 2002)(holding that the district court did not abuse its discretion in denying a motion to extend discovery filed nine days after the close of discovery).  If a party misses a deadline, FRCP 16(b) states that the "schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  Under FRCP 16(f), the Court may impose sanctions if a party disobeys a scheduling order. Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation.  United States v. 1948 Martin Luther King Driver, 270 F.3d 1102, 1110 (7th Cir. 2001). See also, Hussain v. Nicholson, 435 F.3d 359, 367 (D.C. Cir. 2006)(denial of motion to extend where the party had full discovery at the administrative level); Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003)(If Rule 15(a) were considered without regard for Rule 16(b) scheduling orders would be rendered meaningless and would effectively read Rule 16(b) and its good cause requirement out of the FRCP).

As we have noted, the Defendant has never asserted that the discovery period allowed by the Court was somehow inadequate.  Nor does he assert how events, beyond his control, worked against his orderly and timely completion of discovery.  Further, no claim is advanced that the discovery previously provided to Defendant's attorney at the administrative level was somehow inadequate. See, Hussain v. Nicholson, supra.  Indeed, **the Defendant had sufficient information at the close of discovery at the administrative level to file a motion for summary judgment**.  The Defendant even bragged that the adequate discovery at the administrative level made the parties aware of all of the issues. (Exhibit D ).  In the wake of that admission, the Defendant does not explain what information he is seeking, that somehow eluded him at the administrative level or the now closed discovery period, that would make it unfair for the Court to proceed without allowing further discovery, or "what

9

specific facts further discovery might unveil." See, <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1238 (8th Cir. 1997).

It is noteworthy that the Defendant does not invoke FRCP 56(f), which is the safe harbor provision against dispositive motions in the absence of adequate discovery. <u>Crawford-El v. Britton</u>, 523 U.S. 574, 599 n.20 (1998)(quoting FRCP 56(f). However, that provision requires a party to state what facts it expects to develop during the requested discovery period that was denied to it during the period assigned by the Court for discovery. See, <u>Dulany v. Carnahan</u>, supra; <u>Stanbeck v. Diversified Prods., Inc</u>. 180 F.3d 903, 910-911 (8th Cir. 1999); <u>Lyoch v. Anheuser-Busch Co.</u>, 139 F.3d 612, 616 (8th Cir. 1998), cert. Denied, 532 U.S. 921 (2001); <u>Humphrey v. Roche Biomedical Labs., Inc</u>., 990 F.2d 1078, 1081 (8th Cir. 1993). See Also, <u>Good v. Ohio Edison Co.</u>, 149 F.3d 413, 422 (6th Cir. 1998)("This court requires 'a party [requesting additional discovery pursuant to Rule 56(f)] to do so in good faith by demonstrating . . . how postponement of a ruling on the motion [for summary judgment] will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."). Defendant's bald assertion that she had a medical emergency up to September 24, 2007, does not explain her inaction or her refusal to cooperate in discovery. Rather, Defendant seeks discovery on the basis that the Plaintiff may want additional discovery (a circumstance that they created by their actions) and therefore, they should also be allowed to enjoy a similar respite from the original discovery deadline. The failure of the Defendant to abide by the scheduling deadline was intentional, willful and designed to secure a tactical advantage. The Defendant makes no showing as to what new essential information eluded him during the discovery period at the administrative level. See, <u>Hussain v. Nicholson</u>. We submit that the failure of the Defendant to file a FRCP 26(a)(2)(B) statement, or seek any discovery during the scheduled period for discovery,

requires the Court to bar further discovery by the Defendant in this case.

## B. THE DEFENDANT CITES NO AUTHORITY FOR THE RELIEF SHE SEEKS

The cases cited by the Defendant, regarding the Court's power to grant an extension for discovery, apply where the party has not been guilty of wilfully ignoring the Court's scheduling deadline. Indeed, the Defendant's attorney's misconduct during the discovery period invited sanctions. We submit that a party which has engaged in sanctional behavior is not the beneficiary the cases had in mind relative to a favorable exercise of the Court's discretion. Sanctions may be imposed on any party that "multiplies the proceedings in a case unreasonably and vexatiously" See 28 U.S.C. § 1927. The absence of an order directing the defendant to comply with the scheduling order does not bar the Court from imposing sanctions. McLeod, Alexander, Powell & Apffel, P.C. v. Charles, 894 F.2d 1482 (5th Cir. 1990)(defendant sanctioned for willful abuse of the discovery process by violating the magistrate's docket control order. In the order, the magistrate established a discovery deadline); Monsanto Co. v. Ralph, 382 F.3d 1374, 1382 (Fed. Cir.004)(court may impose sanctions under its inherent power under Rule 37 irrespective of the existence of an order).

The Defendant's attorney was reminded repeatedly of the discovery deadline and how her dilatory tactics would prejudice the Plaintiff if the lost discovery time was not somehow restored by the Court. Nevertheless, Defendant's attorney continued her dilatory tactics. (See: Exhibit E). Despite the warnings and the admonishment of the Court in its scheduling order that extensions were disfavored, Defendant flirted with disaster throughout the discovery period, neither seeking discovery nor allowing Plaintiff to enjoy the same. In her quest for an extension, the Defendant's attorney raises for the first time her medical emergency. This claim was woefully missing in her two prior motions for an extension. At no time during the discovery period did the Defendant file a motion for a protective order, or assert that the

11

discovery sought was somehow irrelevant, or would not lead to discoverable admissible evidence. On two occasions, the Defendant refused to appear at a properly noticed deposition, or produce its witnesses to be deposed. That conduct, standing alone, is an adequate basis for the Court to sanction the defendant by not allowing further discovery. Tamari v. Bache & Co. (Lebanon) S.A.L., 729 F.2d 469, 472 (7th Cir. 1984). Accordingly, we ask the Court to deny the Defendant's request to extend the discovery deadline

## CONCLUSION

WHEREFORE, for premises considered, it is respectfully submitted that the Court should:

1. Deny the Defendant's motion to extend the discovery deadline and rule that further discovery not be had by the defendant.

2. Order the Defendant to provide proper responses and answers to Plaintiff's overdue first and second set of interrogatories under oath and in accordance with the Federal Rules of Civil Procedure.

3. **In the event** the Court decides to grant the Defendant a window within to obtain discovery, we submit that fairness dictates that the Court should require the Defendant to reproduce Diane Filler, Debbie Gunther and Barbara Blackwood for the purpose of re-examination on the tardy discovery materials.

4. Grant the Plaintiff such other relief as deemed appropriate.

January 5, 2008                                    Respectfully submitted


  //S//    Charles E. Wagner
Charles E. Wagner, Esq. (Bar # 94276)
Edward L. Allen, Esq. (Bar # 375341)
Attorneys for Plaintiff

Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Washington, D.C. 20911
(202) 210-7801
E-Mail: Wagnelliot@Aol.com
Fax: 1-202-318-7185

Edward L. Allen, Esq.
1400 Locust Road NW
Washington, D.C. 20012
(202) 262-8550
E-Mail Allen200@att.net

Counsel for the Plaintiff

Subj:     **RE: Depositions on November 16, 2007**
Date:    11/14/2007 9:38:40 A.M. Eastern Standard Time
From:    Heather.Graham-Oliver@usdoj.gov
To:      Wagnelliot@aol.com

I am sorry but my schedule also will not allow for the depositions of these witnesses on Friday. I never said that Agency Counsel was on vacation—I do not believe that he is. He is on travel involving work. Please call for a mutually agreeable time to take their depositions. Thank you,

Heather Graham-Oliver

**From:** Wagnelliot@aol.com [mailto:Wagnelliot@aol.com]
**Sent:** Tuesday, November 13, 2007 9:42 PM
**To:** Graham-Oliver, Heather (USADC)
**Cc:** Allen200@att.net
**Subject:** Depositions on November 16, 2007

Mrs. Graham-Oliver:

You were served with the notice of the depositions and the related subpoenas on <u>**November 2, 2007**</u>. Accordingly, you have had sufficient time to alert the agency of the pending depositions. There is someone in the agency's general counsel's office that can pickup the telephone directory to alert the witnesses besides the agency attorney that you have been working with. Mr. Allen and I have served as AUSAs during our varied careers, and are aware of the obligations and resources of persons in your situation, and how those obligations can be discharged. Thus, your claim that you cannot do anything until next week is unacceptable to us. We have been seeking to depose these witnesses since the first week in October. You refused to attend the first scheduled depositions on the same grounds that you have asserted for a delay here, i.e., 1) the agency does not think we need the discovery and 2) the agency wants to have mediation before participating in depositions.

This time you assert that a delay is in order because agency counsel is on vacation and you are now powerless to get in touch with the witnesses until his return. If we postponed the depositions until agency counsel returned next week, as you suggest, we would be into the Thanksgiving week and a difficult time to schedule anything. The following week is the week of the mediation, and if the negotiations are not fruitful, we will have to continue the depositions into the Christmas holiday season. I suggest that you contact the General Counsel's office at the agency, and ascertain the telephone numbers of the witnesses. I am sure you can obtain the assistance of the agency attorney's supervisor in arranging for the witnesses to appear as scheduled.

Best regards

Charles E. Wagner

See what's new at AOL.com and Make AOL Your Homepage.

Subj:    **RE: Depositions set for November 16, 2007**
Date:    11/13/2007 6:04:52 P.M. Eastern Standard Time
From:    Heather.Graham-Oliver@usdoj.gov
To:      Wagnelliot@aol.com
CC:      Allen200@att.net

I will not be able to attend the depositions that you set for Friday because I have no access to the individual witnesses to tell them about the depositions. I have to go through the General Counsel's office of the ATF. The Agency Counsel is out of the office until Monday. Please call me to arrange a mutually convenient time for the taking of these depositions. Thank you,

Heather Graham-Oliver
Asst. United States Atty.

**From:** Wagnelliot@aol.com [mailto:Wagnelliot@aol.com]
**Sent:** Tuesday, November 13, 2007 5:21 PM
**To:** Graham-Oliver, Heather (USADC)
**Cc:** Allen200@att.net
**Subject:** Depositions set for November 16, 2007

Dear Mrs. Oliver:

Attached hereto is the Plaintiff's response to your voice message of November 12, 2007. As I have indicated to you in the past, while the plaintiff is anxious to participate in mediation, she is not prepared to do so at the expense of properly preparing her case in accordance with Judge Kotelly's order. Judge Kotelly's order overlaps the holiday season. Accordingly, scheduling problems will abound. When you refused to appear at the last deposition, we offered to delay further requests for depositions on the condition that you file for an extension of discovery. Your telephone message indicates that you refuse to do so until seven days before the cut-off of discovery. Accordingly, we have no choice but to proceed.

While your colleagues at BATF may believe that they have sufficient discovery that they need not seek any at this stage, Plaintiff is of the opinion that her discovery to date has been inadequate. As you are aware, the agency denied Plaintiff access to Debbie Gunther during the administrative phase of the case, and we did not depose Barbara Blackwood. Nor did the agency answer any of our interrogatories at that stage or provide us with the documents we requested. The presence of the agency attorney, one of the reasons you requested a delay, is not relevant since he is not an attorney of record in the case.

We look forward to participation in mediation, however, at this time, we are not prepared to hold off obtaining discovery. Therefore we look forward to seeing you on Friday, the 16th of November.

Best regards,

Charles E. Wagner

See what's new at AOL.com and Make AOL Your Homepage.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BRIGITTE HAWKINS** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Civ. Act. No. 07-0010 (CKK)** |
| | ) |
| **ALBERTO GONZALEZ,** | ) |
| **ATTORNEY GENERAL** | ) |
| **DEPT. OF JUSTICE,** | ) |
| | ) |
| **Defendant** | ) |

**DEFENDANT'S ANSWERS TO THE
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

1. State the full name and address of the person answering and signing the interrogatories and, if different, state the full name, address, employer, title and position of the individual providing the answers and the person signing the answers.

ANSWER: Diane Filler, Chief, Personnel Division, Office of Management, Bureau of Alcohol, Tobacco, Firearms and Explosives.

2. With reference to each person who had any input in any decision made by Diane Filler before or after the desk audit of complainant's position, please state their name, sex, age, race, job title, employment history, date of any input, advice, recommendation, comment, or analysis offered regarding the desk audit of Plaintiff's position, as well as the nature and content of that input, advice, recommendation, comment or analysis.

ANSWER: The Defendant herein incorporates the declarations and testimony of Barbara Blackwood and Diane Filler, contained in their depositions and the Report of Investigation prepared in the administrative case. Both contain relevant and responsive information regarding the requested information.

3. Please identify any document consulted or used by Diane Filler, with respect to the desk audit of Plaintiff's position, and state in detail the analysis and evaluation made by her using such documents in any decision she made with respect to the audit of Plaintiff's position.

ANSWER: The Defendant has identified no such documents.

4. Please identify any document consulted or used by any person advising Diane Filler, with respect to the desk audit of Plaintiff's position, and state in detail any analysis and

1

evaluation made by that person using such documents in any advice, comment, analysis or evaluation that person made with respect to the audit of Plaintiff's position.

ANSWER: The Defendant has identified no such person and no such document.

5. If Diane Filler used any form of objective evaluation to determine what duties she thought should be removed from Plaintiff's position description, state in detail and with specificity relative to each duty removed, the objective factors relied upon for the removal of each duty, and the relevance of each factor to the removed duty.

ANSWER: The position descriptions in question speak for themselves, insofar as they identify the changes in duties; the Defendant refers Plaintiff to same as they appear in the Report of Investigation and as they have been made available to Plaintiff otherwise. Diane Filler's recollections are that the changes made best described the actual duties such that the newer position description more accurately portrays these duties than the prior position description.

6. If Diane Filler used any form of subjective evaluation to determine what duties she thought should be removed from Plaintiff's position description, state in detail and with specificity relative to each duty removed the subjective factors relied upon for the removal of each duty, and the relevance of each factor to the removed duty.

ANSWER: See the response to Interrogatory 5.

7. Please describe in as much detail as possible the qualifications of the employee Diane Filler selected to perform each duty removed from Plaintiff's position description to support her final position description as a GS-0343-11. For that employee, the description of the qualifications sought are the qualifications as they existed on the date the duties were removed from Plaintiff's position description.

ANSWER: The Defendant objects to this interrogatory insofar as it proceeds from a faulty factual premise. There was no employee "selected" to perform a set of duties that were "removed" from Plaintiff's purview as a result of Ms. Filler's effort to describe Plaintiff's duties in a more accurate way. Plaintiff's job description should not have incorporated certain duties that she said she was doing.

8. Please indicate in as much detail as possible the reasons Debbie Gunther was selected to perform the removed tasks previously assigned to the Plaintiff.

ANSWER: See response to interrogatory 7.

9.  Please indicate in as much detail as possible the impact the addition of the additional duties had on the position of the employee to whom they were assigned in terms of position description, organization responsibility and management duties.

ANSWER: See response to interrogatory 7.


10.  Please describe in as much detail as possible the budget related education and experience of Diane Filler at the time she assumed the duties of personnel director of ATF.

ANSWER: Although this was not her only or primary responsibility for the job, Diane Filler had, *inter alia*, worked in a position with budget responsibilities while employed at the IRS in the late 1980's.  She likewise has attended informal training in budget since her employment began at ATF.

11.  Please describe in as much detail as possible the budget related education and experience of Debbie Gunther at the time she assumed the duties removed from Plaintiff's position description.

ANSWER: See the response to interrogatory 7.  Notwithstanding these objections, and not wishing to waive same, Ms. Gunther took courses in Accounting in college.  Please refer to Ms. Gunter's deposition on this point.

Respectfully submitted,


/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

3

_____/s/
                          _____
                          HEATHER D. GRAHAM-OLIVER
                          Assistant United States Attorney
                          Judiciary Center Building
                          555 4th St., N.W.
                          Washington, D.C.  20530
                          (202) 305-1334

## CERTIFICATE OF SERVICE

I certify that the foregoing Answers to Plaintiff's First Set of Interrogatories was served upon Plaintiff by electronic mail at wagnelliot@aol.com on December 24, 2007, and by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:


Mr. Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Silver Spring, Maryland 20911


on this 26th day of December  2007.



/s/

_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BRIGITTE HAWKINS | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civ. Act. No. 07-0010 (CKK) |
| | ) |
| ALBERTO GONZALEZ, | ) |
| ATTORNEY GENERAL DEPT. OF | ) |
| JUSTICE, | ) |
| | ) |
| Defendant | ) |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S ANSWERS AND OBJECTIONS
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

‾‾‾‾‾

1.      Please state the full name and address of the person answering and signing the interrogatories and, if different, state the full name, address, employer, title and position of the individual providing the answers and the person signing the answers.

ANSWER:  Diane Filler, Chief, Personnel Division, Office of Management, Bureau of Alcohol, Tobacco, Firearms and Explosives.

2.      Please indicate the number of desk audits which were conducted by the Personnel Division of the BATF or any agent or contractor of the BATF within the past five (5) years. With respect to any audits, indicate the number of audits which resulted in each of the following: a) promotions, b) demotions, or c) retention at the employee's grade at the time of audit.

ANSWER: Objection: relevance and overly broad.  Without waiving the objection, the agency is in the process of searching for any responsive documents and will seasonally supplement its response to this request, to the extent that such information exists.  Moreover, the only employee who has requested a desk audit during the time Diane Filler has been the Chief of Human Resources, May 2004, is the Plaintiff.

3.      Please indicate the number of positions, reflected in your answer to #2, which were modified after an audit, by removing duties from the audited position and before a final classification of the position.

ANSWER:.  See Answer to No. 2.

4.      Please describe Debbie Gunther's duties as a manager and/or supervisor within the

Personnel Division of BATF and indicate when she assumed these duties.

ANSWER:    Will supplement to the extent that it was not answered already in deposition.

5.    Please indicate all duties taken from the Plaintiff and/or removed from the Plaintiff's Position Description, following her desk audit.

ANSWER:    None.

6.    Please name any person or persons to whom the plaintiff's duties were reassigned after Plaintiff's audit, along with the education, training, experience or other qualifications of such person or persons to assume the duties taken from the plaintiff.

ANSWER:    No other person was reassigned the duties of the plaintiff's position.

7.    If the position previously occupied by the Plaintiff within the BATF has been filled, please state the qualifications of any person who has occupied the position vacated by the plaintiff as well as any positions held by such persons within the three years (3) prior to his/her assignment to the position previously occupied by the plaintiff.

ANSWER:    The position has been filled as indicated by Ms. Gunther at her deposition. This employee's resume is subject to the Privacy Act but will be provided upon execution of a stipulated Privacy Act Protection Agreement and Order.


Respectfully submitted,


/s/

_____
JEFFREY A. TAYLOR,
D.C. BAR # 498610
United States Attorney



/s/

_____
RUDOLPH CONTRERAS,
D.C. BAR # 434122
Assistant United States Attorney


/s/

2

_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

<u>**CERTIFICATE OF SERVICE**</u>

I certify that the foregoing Answers to Plaintiff's Second Set of Interrogatories was

served upon Plaintiff by electronic mail at wagnelliot@aol.com on December 24, 2007, and by

depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:


Mr. Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Silver Spring, Maryland 20911


on the 26th day of December  2007.


/s/

_____
HEATHER GRAHAM-OLIVER
Assistant United States Attorney

4

Subj:      **written discovery**
Date:      1/3/2008 8:01:50 P.M. Eastern Standard Time
From:      Heather.Graham-Oliver@usdoj.gov
To:        Allen200@att.net, Wagnelliot@aol.com

We anticipate that another witness other than Diane Filler will be responding to Plaintiff's Second Set of Interrogatories, numbers 2 and 3.

| Subj: | **RE: Depositions on October 29th** |
|---|---|
| Date: | 10/23/2007 2:04:08 P.M. Eastern Standard Time |
| From: | Heather.Graham-Oliver@usdoj.gov |
| To: | Wagnelliot@aol.com |
| CC: | Allen200@att.net |

Mr. Wagner:

We will not be available for the depositions that have been scheduled for the 29th of October. We would prefer to do the mediation first as most discovery has already occurred at the administrative level and both sides has a good idea of the issues. Of course, if mediation does not work, then we should proceed with the discovery, written and otherwise.

Heather Graham-Oliver
Assistant United States Attorney
555 Fourth Street NW
Civil Division
Washington, D.C. 20530

**From:** Wagnelliot@aol.com [mailto:Wagnelliot@aol.com]
**Sent:** Tuesday, October 16, 2007 5:14 PM
**To:** Graham-Oliver, Heather (USADC)
**Cc:** Allen200@att.net
**Subject:** Depositions on October 29th

Dear Mrs. Oliver:

I am getting ready to contact the court reporters to have them send a reporter to the BATF building on Massachusetts avenue to take the depositions of Dianne Filler, Debbie Gunther and Barbara Blackwood on the 29th of October 2007. In the deposition notice dated October 4, 2007, which I sent to you by mail and as an attachment to an e-mail, I asked that you contact me ASAP in the event there was a problem with the time and date. I have not heard from you. Accordingly, if I do not hear otherwise by Friday, October 19, 2007, I will assume that all arrangements have been made to have the designated personnel at the deposition and I will schedule a court reporter for the 29th.

Best regards

Charles E. Wagner

---

See what's new at AOL.com and Make AOL Your Homepage.

*Charles E. Wagner, Esq.*
*Silver Spring Centre*
*P.O. Box 14723*
*Silver Spring, Maryland 20911*
*(202) 210-7801*
*Wagnelliot@Aol.com*

October 23, 2007

Heather Graham-Oliver, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney for D.C.
Judiciary Center Bldg.
555-4th Street NW
Washington, D.C. 20530

Re:  Hawkins v. Gonzales
U.S. District Court No. 07CA00010 (CKK)

Dear Mrs. Oliver:

I have received your e-mail which indicates that you and your colleagues at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF") will not attend the depositions scheduled for Monday, October 26, 2007. As you are aware, the depositions were noted on October 4, 2007, although we are just learning of your refusal to attend. The reason you give is that BATF wants to mediate the controversy prior to the taking of any depositions and not that they are otherwise unavailable. The position of BATF is that since most of the discovery was provided at the administrative level, there is little to be gained from conducting depositions now. Accordingly, they wish to hold off conducting any further depositions until they have had an opportunity to mediate. While we believe that mediation might be helpful, and we even suggested that procedure as a prelude to discovery, the proposed avenue has been eclipsed by the defendant's unavailability.

We were prepared to participate in mediation at 3:30 p.m. on the afternoon of September 17, 2007, the date and time rescheduled by Judge Kaye. However, you were unavailable and the session was cancelled. Thereafter, we attempted unsuccessfully to contact you to reschedule the mediation before the September 29, 2007 deadline, as set by Judge Kotelly. When we did reach you in October, you stated that you had to coordinate the mediation with your BATF counterparts (we advised that we were available any day except today (10/23/07)). The mediation was rescheduled at their convenience for November 29, 2007, roughly one month before the discovery deadline.

I opine that extensive discovery was not provided at the administrative level. Therefore, complete discovery at this stage is critical. Thus, your assessment of the need for discovery is inaccurate. At the administrative level, BATF refused to cooperate with discovery, refused to answer the interrogatories propounded to it, and refused to provide the documents requested. Further, after initially refusing to produce Debbie Gunter for deposition, they agreed to produce her. On the date of Debbie Gunter's scheduled deposition, she conveniently called in sick and was not deposed. The last pleading we filed administratively was a request an extension of time within which to complete discovery. (Copy Attached). As you know, the request for an extension was denied. Further, we did not depose Barbara Blackwood at the administrative level.

We submitted our discovery requests at the start of the discovery period, as soon as it was clear that we were not going to engage in a timely mediation. Judge Kotelly has set a very short discovery period, which ends in the middle of the Christmas holidays, when many people are unavailable for weeks at a time. Additionally, part of the discovery period encompasses the Thanksgiving holidays. Accordingly, we have a very short window within which to complete discovery. To wait until after the November 29, 2007, mediation to begin conducting depositions, would flippantly ignore Judge Kotelly's Order as to deadlines, and her admonition that extensions of time will be viewed with disfavor. Since BATF's has once refusal to cooperate in the discovery process, we see no reason to lend a second opportunity.

In this morning's voice mail to you, I stated that we are willing to postpone Monday's deposition to a day later in the same week. This would provide the parties with an opportunity to settle this matter informally. Thereafter, we can wait for the assistance of Judge Kaye. In any event, if you want to postpone the depositions until after mediation has occurred, we will not oppose **your motion** to extend the discovery period in light of the problems we have experienced with the scheduling of mediation. If I do not hear from you by Friday, October 26, 2007, 12:00 noon, offering to submit to depositions within the next two weeks, I will assume that the position you stated in your earlier e-mail remains; i.e., that BATF does not intend to appear at any depositions prior to mediation. Thereafter, I will cancel the request for a court reporter and seek remedies under Rule 37, FRCP.

Thank you in advance for your prompt attention to this matter.

Sincerely,

//S//Charles E. Wagner, Esq.
Charles E. Wagner, Esquire
Edward L. Allen, Esquire

| | |
|---|---|
| **Subj:** | **RE: Deposition scheduled for October 29, 2007** |
| **Date:** | 10/24/2007 10:15:00 A.M. Eastern Standard Time |
| **From:** | Heather.Graham-Oliver@usdoj.gov |
| **To:** | Wagnelliot@aol.com |

We will produce our witnesses to be deposed after the 29th of October.  Also, I will prepare the motion for an extension of time.

Thanks,\

Heather Graham-Oliver

**From:** Wagnelliot@aol.com [mailto:Wagnelliot@aol.com]
**Sent:** Wednesday, October 24, 2007 10:41 AM
**To:** Graham-Oliver, Heather (USADC)
**Subject:** Re: Deposition scheduled for October 29, 2007

Dear Mrs. Oliver:

Attached hereto is a letter which responds to your e-mails indicating that BATF will not produce their witnesses to be deposed on October 29, 2007.  Of course, that places us in  a difficult position.  We concur in your assessment that a request for an extension of the discovery period would resolve the matter.  However, inasmuch as the difficulty is being generated on your side of the case, it is appropriate that you file the motion for an extension in order to permit mediation to occur first.  As we note in the letter, we will not oppose your request for an extension.

Best regards

CEWagner
EAllen

See what's new at AOL.com and Make AOL Your Homepage.

Monday, December 03, 2007 America Online: Wagnelliot

*Charles E. Wagner, Esq.*
*Silver Spring Centre*
*P.O. Box 14723*
*Silver Spring, Maryland 20911*
*(202) 210-7801*
*Wagnelliot@Aol.com*

October 24, 2007                    **SENT BY E-MAIL AND FIRST CLASS MAIL**

Heather Graham-Oliver, Esq.
Assistant U.S. Attorney
Office of the U.S. Attorney for D.C.
Judiciary Center Bldg.
555-4th Street NW
Washington, D.C. 20530

                    Re:   Hawkins v. Gonzales
                          U.S. District Court No. 07CA00010 (CKK)

Dear Mrs. Oliver:

        I received your e-mail of October 23, 2007, indicating that you and your colleagues at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF") will not attend the depositions scheduled for Monday, October 29, 2007, which were noted on October 4, 2007. You state as your reason for refusing to comply with the deposition notice that BATF prefers to complete mediation first. As you know, mediation is set for November 29, 2007, while the deadline for discovery set by the court's order is December 31, 2007. Your preference would leave a very short period within which to complete discovery and resolve any issues related thereto, particularly given the many scheduling difficulties typically encountered during the month of December. Therefore, in fairness to our client, we must insist on going forward with the scheduled depositions. You have suggested that a way to resolve the impasse is to seek an extension of discovery from Judge Kotelly. If you elect the option to extend the deadline, we will not oppose your motion, which we urge you to file as soon as possible.

        Because of the tight security at the BATF building at 650 Massachusetts Avenue, the court reporter will not be able to enter the BATF building on Monday without a BATF escort. Similarly, Mr. Allen and I will be barred from the building unless BATF agrees to go forward with the deposition. Accordingly, if I do not hear from you by noon on October 26, 2007, that you intend to go forward with the depositions, I intend to cancel the court reporter, since we will be barred from the building, and take appropriate action under the court's rules.

        Thank you for your prompt attention to this matter.

                                    Sincerely,

                                    _____
                                    Charles E. Wagner, Esquire
                                    Edward L. Allen, Esquire

1

Subj:     **RE: Depositions set for November 16, 2007**
Date:     11/13/2007 6:04:52 P.M. Eastern Standard Time
From:     Heather.Graham-Oliver@usdoj.gov
To:       Wagnelliot@aol.com
CC:       Allen200@att.net

I will not be able to attend the depositions that you set for Friday because I have no access to the individual witnesses to tell them about the depositions. I have to go through the General Counsel's office of the ATF. The Agency Counsel is out of the office until Monday. Please call me to arrange a mutually convenient time for the taking of these depositions. Thank you,

Heather Graham-Oliver
Asst. United States Atty.

**From:** Wagnelliot@aol.com [mailto:Wagnelliot@aol.com]
**Sent:** Tuesday, November 13, 2007 5:21 PM
**To:** Graham-Oliver, Heather (USADC)
**Cc:** Allen200@att.net
**Subject:** Depositions set for November 16, 2007

Dear Mrs. Oliver:

Attached hereto is the Plaintiff's response to your voice message of November 12, 2007. As I have indicated to you in the past, while the plaintiff is anxious to participate in mediation, she is not prepared to do so at the expense of properly preparing her case in accordance with Judge Kotelly's order. Judge Kotelly's order overlaps the holiday season. Accordingly, scheduling problems will abound. When you refused to appear at the last deposition, we offered to delay further requests for depositions on the condition that you file for an extension of discovery. Your telephone message indicates that you refuse to do so until seven days before the cut-off of discovery. Accordingly, we have no choice but to proceed.

While your colleagues at BATF may believe that they have sufficient discovery that they need not seek any at this stage, Plaintiff is of the opinion that her discovery to date has been inadequate. As you are aware, the agency denied Plaintiff access to Debbie Gunther during the administrative phase of the case, and we did not depose Barbara Blackwood. Nor did the agency answer any of our interrogatories at that stage or provide us with the documents we requested. The presence of the agency attorney, one of the reasons you requested a delay, is not relevant since he is not an attorney of record in the case.

We look forward to participation in mediation, however, at this time, we are not prepared to hold off obtaining discovery. Therefore we look forward to seeing you on Friday, the 16th of November.

Best regards,

Charles E. Wagner

See what's new at AOL.com and Make AOL Your Homepage.

Subj:  **Notices of deposition**
Date:  10/23/2007 3:38:49 P.M. Eastern Standard Time
From:  Heather.Graham-Oliver@usdoj.gov
To:    Wagnelliot@aol.com

We cannot make the end of October; if we need more time for discovery, we can ask the Court for an extension  I doubt that the Court will have an objection to it.

My clients availability for mediation is very limited.  Hence the November date.  But, again we can ask the Court for an extension of discovery if necessary.  The Court generally does not object to that.

Heather Graham-Oliver

Assistant United States Attorney

555 Fourth Street, NW

Washington, D.C. 20530

(202)305-1334

*Charles E. Wagner, Esq.*
*7801-16th Street NW*
*Washington, D.C. 20012*
*(202) 210-7801*
*Wagnelliot@Aol.com*
*Fax (202)318-7185*

Heather Graham-Oliver, Esq.                                            November 13, 2007
Assistant U.S. Attorney
Office of the U.S. Attorney for D.C.
555-4th Street NW,
Washington, D.C. 20530

                    Re: <u>Hawkins v. Alberto Gonzales</u>

Dear Mrs. Graham-Oliver:

I received your voice-mail message regarding the depositions scheduled for Friday,
November 16, 2007. We reject the positions you outlined in your message to postpone the
depositions. You stated that: 1) the agency does not want to have any depositions until after
the mediation on the 29th of November, 2) agency counsel is on leave this week but will
return the week of the 19th of November, 3) discovery has already been completed in this
case, 4) the court's discourage the filing of any motion to extend until at least seven days
before the time expires for the doing of an act, and 5) if the mediation is successful, the
depositions will be a waste of time. I have conferred with Mr. Allen and we are in agreement
that the depositions must go forward as scheduled.

At the outset, we note that the **only counsel of record** for the government in this case are
attorneys from your office and not the BATF. There is no claim that you will not be available
for the depositions. Accordingly, the fact that agency counsel will not be available is of no
importance to the issue.

We were the ones who initially suggested mediation to the Court. We were available for
mediation during the period set by the Court, but you were unable to attend. Thereafter,
mediation was further delayed until the 29th of November in order to accommodate agency
counsel and some one from the  finance office. When you balked at the first scheduled
depositions, I offered to meet with you and the agency personnel to see if we could come to
some agreement on our own. The view was that if we were far apart in our informal
negotiations, that would give us some indication as to the prospects for a settlement. You
were not amenable to that option. In any event, Judge Kotelly has provided the parties with a
very short window for discovery and a substantial portion is bracketed by the holiday season,
which will make it difficult to coordinate anything. The fact that the agency wants to delay
discovery until after mediation cannot alter the schedule set by the Court, since the order
makes clear that agreements among counsel cannot modify the court's order.

We have advised you before that, while the agency was able to get all of the discovery it
sought in this case at the administrative level, the agency went out of its way to frustrate our
access to Debbie Gunther during the administrative phase. They first demanded to know what
we would ask her. When we responded that we did not know and that a proffer was not a

pre-condition for deposing a witness, they refused to produce her. When we countered that we would not make Mrs. Hawkins available until the ALJ resolved the discovery issues, the agency relented, but on the date of the deposition, refused to produce Ms. Gunther, stating that she had called in sick that day. We have yet to depose Ms. Gunther and Ms. Blackwood. Accordingly, discovery has not been completed in this case.

At the time we continued the last deposition, we did so on the belief that a motion for an extension, which we would not oppose, would be filed a short time thereafter. When no extension was filed within a week, it was clear to us that you had no intention of filing the motion in a timely manner. Your comment that the courts discourage the filing of motions to extend until at least seven days before the deadline for the completion of a act may apply to the filing of pleadings etc., but does not apply to a discovery deadline where in it would be impossible to complete discovery in the event the motion for discovery was denied. The Court's order makes it clear that extensions are discouraged and will be granted only on the most compelling circumstances. A postponement of discovery because the opposing party wanted to complete mediation first is not that compelling a reason for an extension in the event the mediation fails. Finally, it is clear from your comment that you never intended to file the motion in a timely manner, and since the burden is on us to comply with the Court set timetable for discovery, which you side has eschewed for itself, we are obliged to go forward with the depositions.

Even if the mediation is successful, which I sincerely hope is the case, the time spent on these depositions will have not been wasted. Accordingly, we expect to see you and the witnesses Friday.

Best regards

Charles E. Wagner

See what's new at AOL.com and Make AOL Your Homepage

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

BRIGITTE R. HAWKINS          )
                Plaintiff,     )
                       )   CASE NO. 07CV00010 (CKK)
        v.                )  OPPOSITION TO MOTION TO EXTEND
                       )  DISCOVERY
MICHAEL B. MUKASEY,          )  NEXT DATE: JANUARY 1, 2008
  ATTORNEY GENERAL,          )        STATUS HEARING
           Defendant.     )
_____ /

## <u>ORDER</u>

This matter having come before the Court on the Motion of the Defendant for an Order extending the period for discovery in the above matter from December 31, 2007 until March 14, 2008, and the Court having been advised of the grounds therefor and the opposition to the motion, it is therefore:

ORDERED, that the motion be and hereby is denied.

IT IS FURTHER ORDERED that the December 31, 2007, deadline for discovery set by the Court in its Scheduling Order, will not be extended and further discovery in this case will not be allowed.

Date: _____, 2008

                                      _____
                                      Judge Colleen K. Kotelly
                                      U.S. District Judge

Parties to be served:

Heather Graham-Oliver, Esq.
Assistant U.S. Attorney
Office of U.S. Attorney,
555 4th Street NW
Washington, D.C.  20530

Charles E. Wagner, Esq.

P.O. Box 14723
Silver Spring, Maryland 20911