UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
BRIGITTE R. HAWKINS                      )
                                         )
            Plaintiff,                   )
                                         )        CASE NO. 07CV00010
            v.                           )        RESPONSE TO MINUTE ORDER
                                         )
ALBERTO GONZALES,                        )
   ATTORNEY GENERAL,                     )
                          Defendant.     )
_____/

PLAINTIFF'S RESPONSE TO MINUTE ORDER

NOW COMES PLAINTIFF, by and through her attorneys, and responds in compliance to the Court's Minute Order of January 7, 2008, relative to the status of Barbara Blackwood as a lay witness under FRE 701, or an expert under FRE 702, and in compliance therewith asserts the following:

1. At the request of the Defendant, Barbara Blackwood (hereinafter "Blackwood") performed the desk audit that is at the center of this controversy.

2. To prepare her for this task, she received training that would enable her to perform the duties of a classifier. Using this training, she received over twenty years of experience.

3. She was neither retained or specially employed by the plaintiff. Nor is she an employee of Plaintiff whose duties regularly involve giving testimony as an expert. Indeed, she has an employment relationship with the Defendant that requires her to have an understanding of the Office of Personnel ("hereinafter OPM.") regulations and to use them in her employment. She is not employed by the Defendant to give expert testimony regarding the application of the OPM. regulations.

4. Plaintiff will seek to have Blackwood testify regarding the procedures she followed in performing the audit and the conclusions she drew in light of her application of the regulations. In that regard, she will be asked for her opinions or inferences which are rationally based upon her perception and helpful to a clear understanding of her testimony.

5.  She will not be required to give an opinion based upon facts made known to her outside the scope of her investigation, for which she would have to rely upon her specialized knowledge or apply it.

6.  Rather, her specialized knowledge, as applied to her investigation, is limited the tasks assigned by the Defendant, and fall within the scope of her employment.  Her testimony will focus on statements she made during the existence of that relationship under FRE 801(d)(2)(D).

7.  She will not be required to give an opinion which falls within the scope of the reliability testing requirements of Daubert.[1]

8.  Based upon the **criteria** set forth in the Court's minute order, Blackwood will be testifying as a lay witness, since she will testify regarding the audit she conducted on behalf of the Defendant and the conclusions she drew from her investigation, rather than giving an opinion on the general performance of desk audits.

## POINTS AND AUTHORITIES

The Plaintiff offered a Rule 26 statement regarding the testimony of Blackwood out of an abundance of caution because often the line between what constitutes lay testimony under FRE 701 and FRE 702 is very narrowly drawn. United States v. Nyala-Pizarro, 407 F.3d 25, 28 (1st Cir. 2005(noting that the line between expert testimony under FRE 702 and lay opinion testimony under FRE 701 is not easily drawn); see also, 3 Salzburg, Martin & Capra, Federal Rules of Evidence Manual, 701-714 (9th ed. 2006).  However, merely because the witness has specialized knowledge does not automatically place the testimony under FRE 702. See Advisory Committee Notes on 2000 Amendment to FRE 701. Bank of China, New York Branch v. NBM LLC, 359 F.3d 171, 182 (2d C ir. 1004)(the fact that the witness has specialized knowledge, or that he was selected to carry out the investigation because of the knowledge, does not preclude him from testifying pursuant to Rule 701, so long as the

---

[1]  Daubert v. Merrill Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

testimony was based upon the investigation, and reflected his investigatory findings and conclusions, and was not rooted exclusively in his banking expertise).  Thus, just as a lay person is still allowed to give his/her opinion of the projected profits and value of a business in which he is involved, [2] Blackwood has given an opinion based upon her investigation and her employment status with the Defendant, and not merely based on the specialized knowledge she possesses.  See, United States v. Griffin, 324 F.3d 330, 347 (5th Cir. 2003)(witness's testimony re her understanding of the state ethics rules and what TDHCA employees were instructed re those rules, was proper under Rule 701, however, her own interpretation of the law, based upon hypothetical questions was improper).

In this case, Blackwood was selected to carry out the investigation based upon her employment status even though she had specialized knowledge as a classifier.  She based her conclusions on her investigation, and not merely based upon that specialized knowledge. Her testimony is intended to allow the jury to understand how she arrived at her conclusions regarding Plaintiff's proper grade. See, United States v. Peoples, 250 F.3d 630, 641 (8th Cir. 2001).  Even though the testimony requires a limited amount of expertise, it is still admissible under FRE 701.  United States v. Perkins, 470 F.3d 150, 156 (4th Cir. 2006).  Indeed, if a lay person were to give an opinion that the drug he took was cocaine, based upon his personal experiences with that drug, it would be admissible even though another person, without personal experiences with the drug, would have to qualify as an expert with specialized knowledge to give the same testimony.

Where an employee has obtained personal knowledge of a special area of her job, having worked many years in the area in question, and as an employee is tasked to perform those duties, she may testify under Rule 701 relative to her routine performance of those duties. See, Tampa Bay Shipbuilding & Repair Co., v. Cedar Shipping Co. Ltd., 320 F.3d 1213, 12121-22 (11th Cir. 2003)(opinion testimony by business owners and officers is one

---

[2]  See Advisory Committee Notes on FRE 701 amendment, and case cited: See, e.g., Lightning Lube Inc. v. Witch Corp. 4 F.3d 1153 (3d Cir. 1993).

of the prototypical areas intended to remain undisturbed" by the amendment.)  The Tampa Bay Court found that the owners officers and employees of a business properly testified under Rule 701, because of their "particularized knowledge" acquired over years of working in the business. Id. fn 10 at 1223.  See also, Advisory Committee Notes on 2000 amendment.

A critical distinction between the two rules is that an expert witness must possess some specialized knowledge or skill or education that is not in the possession of the jurors, See, Certain Underwriters at Lloyd's London v. Sinkovic, 232 F.3d 200, 2003 (4th Cir. 2000) and must apply that knowledge apart from the conclusions drawn from an investigation. Bank of China, New York Branch v. NBM LLC, supra, (error admitting evidence under FRE 701 that was not the byproduct of the witness's investigation, but was a reflection of his specialized experience).  FRE 701's traditional objective is to place the trier of fact in possession of "an accurate reproduction of the event" in issue. See Advisory Committee Notes on 1972 proposed rules.  In that regard, Blackwood's testimony affords the jury an understanding as to how she arrived at her conclusions in the desk audit even though it requires her to call upon her specialized knowledge, since it explains the result she reached. As the year Advisory Committee notes to the 2000  amendment makes clear, FRE 701 was "amended to eliminate the risk that the reliability requirements set forth in Rule 702 [Daubert] will not be evaded through the simple expedient of proffering an expert in lay clothing."

While lay testimony **must be based** upon firsthand knowledge, expert testimony **may also be based** upon firsthand knowledge or experience.  However, the subject matter of FRE 702 testimony need not be arcane or even especially difficult to understand. See, Kopf v. Skyrm, 993 F.2d 347, 377 (4th Cir. 1993).  While Rule 701 forbids the admission of expert testimony dressed in lay clothing, it does not block all inferences that could be drawn by the lay witness.  United States v. Santos, 201 F.3d 953, 963 (7th Cir. 2000).  However, where the opinion given, steps across the line between common knowledge and specialized knowledge, the line between FRE 701 and 702 testimony has also been crossed.   Where the personal

obversations are common enough and merely require a <u>limited amount of expertise</u>, they can still qualify as lay witness opinions. <u>United States v. Von Willie</u>, 59 F.3d 922, 929 (9th Cir. 1995).  What is significant here is that Blackwood neither applied abstract principles, nor will she give an opinion based upon hypothetical questions. See e.g., <u>United States v. Mohr</u>, 318 F.3d 613, 623-24 (4th Cir. 2003)(expert did not observe defendant's actions, but instead based his opinion in response to abstract questions). Moreover, she did not base her decisions on reports or information provided by others outside the realm of the investigation.  Rather, her conclusions are based upon the application of the OPM regulations to the information provided during the investigative phase of the desk audit.

CONCLUSION

Based upon the **criteria** set forth in the Court's minute order, Blackwood will be testifying as a lay witness, since she will give testimony regarding the audit she conducted on behalf of the Defendant and the conclusions she drew from her investigation, rather than giving an opinion on the general performance of desk audits.

January 7, 2008                                         Respectfully submitted

                                                  //S//    Charles E. Wagner
                                                 Charles E. Wagner, Esq. (Bar # 94276)
                                                 Edward L. Allen, Esq. (Bar # 375341)
                                                 Attorneys for Plaintiff

Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Washington, D.C. 20911
(202) 210-7801
E-Mail: Wagnelliot@Aol.com
Fax: 1-202-318-7185

Edward L. Allen, Esq.
1400 Locust Road NW
Washington, D.C. 20012
(202) 262-8550
E-Mail Allen200@att.net

Counsel for the Plaintiff

5