UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRIGITTE R. HAWKINS,

    Plaintiff,

    v.

MICHAEL MUKASEY,
Attorney General,

    Defendant.

Civil Action No. 07-10 (CKK)

**ORDER**
(January 9, 2008)

Currently pending before the Court are Plaintiff's [25] Motion for a Protective Order, which seeks to prevent Defendant from conducting additional discovery in this action, and Defendant's[1] [27] Motion for an Extension of Time to Conduct Discovery, which seeks to extend discovery in this action through March 14, 2008. The June 26, 2007 Scheduling and Procedures Order in this matter–which reflected the parties' requests in their Report pursuant to Local Civil Rule 16.3, as well as the requests on the record during the Initial Scheduling Conference–contemplated that the parties would initially engage in mediation and, if necessary thereafter, conduct discovery between October 1, 2007 and December 31, 2007. Nevertheless, discovery in this case is not yet complete, apparently due to defense counsel's mistaken belief that she could grant herself a stay of discovery without seeking the Court's permission.

---

[1] Plaintiff brought this action against then-Attorney General Alberto Gonzales, in his official capacity. As such, the proper Defendant to this action is the current Attorney General, Michael Mukasey.

1

According to Defendant's Motion, defense counsel "had an extended medical leave for three weeks during the month of September, which prevented her from returning to work until September 24, 2007." Def.'s Mot. at 2. As a result, she claims the initial mediation session in this case, scheduled for September 17, 2007, was postponed and rescheduled for November 29, 2007. The parties appear to have had differing views as to whether discovery should have continued pending the rescheduled mediation. Plaintiff, correctly recognizing that the Court had not modified the discovery schedule in this action and that the parties could not grant themselves a stay of discovery, served discovery requests upon Defendant on October 4, October, 10, and October 17, 2007, and sought to proceed with depositions. *See* Pl.'s Mot. to Extend Disc. Period, Docket No. [18] at 2-3.

In contrast, as defense counsel now admits, she "acted to some extent under the mistaken premise that [] discovery would not begin until after the mediation." Def.'s Mot. at 2. Although it should have been obvious to defense counsel that Plaintiff was pursuing discovery according to the original schedule, defense counsel did not seek leave of the Court to delay the discovery in this case until after mediation. Nor did defense counsel bring her medical leave to the Court's attention, as the purported reason for the delay in the mediation and commencement of discovery, even though she now asserts that upon returning to work, she "had to catch up with a rigorous workload and heavy docket," and that her medical leave "was one of the reasons why discovery" was neither initiated in October nor November 2007. Def.'s Mot. at 2-3. Instead, defense counsel simply did not participate in discovery–either by responding to Plaintiff's discovery requests or propounding discovery requests on behalf of Defendant–pending the mediation. The Court notes that while defense counsel ignored this case, she found time to work on other

pending cases. On November 19, 2007, Defendant filed a consent motion seeking to extend discovery in this action through March 31, 2008. That motion, however, failed to identify a basis for the requested three-month extension other than the scheduled mediation; defense counsel did not alert the Court to her sick leave or to the fact that the mediation would not–as originally contemplated–precede discovery in this action. The Court therefore denied Defendant's motion without prejudice.

On December 4, 2007, Plaintiff filed a Motion to Extend the discovery period in this action through January 10, 2008,[2] and on December 27, 2007 (less than four business days before discovery was set to expire on December 31, 2007), Defendant filed a Cross-Motion for Extension of Time to Complete Discovery, seeking an extension through February 29, 2008. That Motion raised for the first time defense counsel's September sick leave, and her asserted inability to comply with the discovery deadlines as a result, but did not specify what discovery Defendant would seek to complete within the requested extension period. On December 28, 2007, the Court entered a Minute Order denying without prejudice both requests for extensions, but allowing the parties to "renew their motion on or before January 4, 2008, provided that they explain the exceptional circumstances warranting an extension, and include a joint Revised Status Report as to Discovery Plan, in which each party sets forth how they propose to complete the remaining discovery in this action within the period of their requested extension." *See* Minute Order, Docket No. [20]. Plaintiff has now filed a Motion for a Protective Order, seeking

---

[2] Plaintiff now explains that she sought an extension through January 10, 2008 "as a precautionary measure," in order to ensure that she would be able to complete discovery within the Court's deadlines, even in the face of Defendant's delayed responses to Plaintiff's discovery requests. Pl.'s Mot. at 1 n.1. Plaintiff no longer seeks to extend the discovery deadline. *See* Pl.'s Mot. at 6 n.5.

to prevent Defendant from taking additional discovery, while Defendant has filed a Renewed Motion for an Extension of Time to Conduct Discovery, seeking an extension through March 14, 2008. Plaintiff opposes Defendant's Motion for an extension to conduct discovery.

Plaintiff's Motion (and Opposition to Defendant's Motion) describe the current state of discovery in this action. Defendant proffered answers to Plaintiff's interrogatories on December 24, 2007 and delivered documents in response to Plaintiff's requests on December 28, 2007. However, Defendant's tardy interrogatory answers do not comply with Federal Rule of Civil Procedure 33 because they were not signed by the person answering the questions or provided under oath. *See* Pl.'s Mot., Exs. B and D; Fed. R. Civ. P. 33(b); Def.'s Mot. at 1 (acknowledging that "verification sheets must still be provided"). Furthermore, it appears that Defendant now intends to change the individual designated as answering some of Plaintiff's interrogatories. *See* Pl.'s Opp'n, Ex. C. Although Defendant asserts that "Plaintiff has acquired much of its discovery from the Defendant within the original discovery deadline," Def.'s Mot. at 2, it is clear that Defendant's delayed responses have prejudiced Plaintiff, who was forced to take the depositions of three witnesses without the benefit of Defendant's written discovery responses and has not been able to depose the individual apparently answering Plaintiff's interrogatories.

The Court notes that Plaintiff might have avoided some of this prejudice by seeking the Court's assistance once the deadline for responding to Plaintiff's discovery requests passed and defense counsel asserted that Defendant would not respond to discovery requests until after the mediation. Nevertheless, the majority of the delay in this case is clearly due to defense counsel's apparent belief that she could grant herself a stay of discovery, and her resulting failure to timely bring her (perhaps meritorious) reasons for seeking such a stay to the Court's attention. While

the Court is sensitive to defense counsel's hesitance to place her medical status on the public record, *see* Def.'s Mot. at 3, she was under an obligation to do so if her medical situation prevented her from complying with Court-ordered deadlines. Moreover, the Court notes that she might have done so in a minimally revealing manner. In any event, defense counsel's tactics have resulted in three unnecessary rounds of briefing on motions for extensions of the discovery period, a corresponding waste of judicial resources, and clear prejudice to Plaintiff.

The Court shall therefore order Defendant to comply in all respects with Plaintiff's discovery requests, by furnishing answers to interrogatories that comply with Rule 33 and by producing any documents that remain outstanding. Furthermore, because Plaintiff was forced to take three witness' depositions without the benefit of Defendant's written discovery responses, Plaintiff shall be allowed to supplement those depositions if necessary. The supplemental depositions shall be limited to new issues raised by Defendant's written discovery responses, but shall not be limited in time and may be scheduled at a location convenient to Plaintiff's counsel. The Court sees no reason to inconvenience Plaintiff's counsel in the taking of supplemental depositions that are only necessary because of defense counsel's delay. The Court shall also allow Plaintiff to depose the individual signing the answers to Plaintiff's interrogatories. In addition, the Court understands that Defendant has recently served discovery requests upon Plaintiff. Plaintiff opposes Defendant's efforts to conduct discovery at this late date, asserting that such discovery is unnecessary because discovery was conducted at the agency level and Defendant has previously maintained that the agency discovery was adequate. *See* Pl.'s Opp'n at 7. However, Plaintiff elsewhere extols the insufficiency of that discovery. *See* Pl.'s Mot. at 11. Therefore, notwithstanding defense counsel's delay in propounding discovery requests, in order

5

to move this case towards resolution, the Court shall require Plaintiff to respond to Defendant's outstanding discovery requests, and shall allow Defendant to depose Plaintiff and any other fact witnesses revealed by Plaintiff's discovery responses. All of this discovery shall be completed by February 15, 2008, as delineated in the parties' Joint Status Report as to Discovery Plan.

Finally, the Court addresses the issue of expert witnesses in this case. It appears that Plaintiff identified Barbara Blackwood on her Rule 26(a)(2) statement, out of an abundance of caution, because Ms. Blackwood is the individual that performed the desk audit at the center of this controversy and Plaintiff feared that Ms. Blackwood's testimony might include specialized knowledge of the type contemplated by Federal Rule of Evidence 702. *See* Pl.'s Resp. to Minute Order, Docket No. [32], at 1-2. However, Plaintiff clarifies that she will seek to have Ms. Blackwood testify as a lay witness, i.e. "regarding the audit she conducted on behalf of the Defendant and the conclusions she drew from her investigation," rather than as an expert witness "giving an opinion on the general performance of desk audits" or "based upon facts made known to her outside the scope of her investigation." *Id.* at 1-2. Because Ms. Blackwood will testify as a lay witness pursuant to Federal Rule of Evidence 701, rather than an expert witness under Rule 702, there is no need for Defendant to "find someone to address Ms. Blackwood's proposed 'expert' opinions." Def.'s Mot. at 4. To the extent that Defendant asserts that he "intends to present an expert who will clarify what a desk audit is and what the proper procedures are under regulatory guidelines," *id.*, the Court notes that the deadlines for identifying expert witnesses–November 1 and November 22, 2007–have long since passed.

Accordingly, it is this 9th day of January, 2008, hereby

**ORDERED** that [25] Plaintiff's Motion for a Protective Order is DENIED; it is further

**ORDERED** that [27] Defendant's Renewed Motion for an Extension of Time to Conduct Discovery is GRANTED-IN-PART and DENIED-IN-PART, as set forth below, and that NO FURTHER EXTENSIONS shall be granted; it is further

**ORDERED** that discovery in this action shall be completed on or before February 15, 2008; it is further

**ORDERED** that, on or before January 28, 2008, Plaintiff shall respond to Defendant's written discovery requests, which comprise one set of interrogatories and a request for production of documents; it is further

**ORDERED** that, by January 8, 2008, Defendant shall have provided Plaintiff with supplemental answers to Plaintiff's first and second set of interrogatories, signed under oath by the person providing the answers, as Defendant indicated to the Court in the Joint Status Report as to Discovery Plan; it is further

**ORDERED** that, on or before January 14, 2008, Defendant shall produce any and all documents that have been requested by Plaintiff but not produced pending the Court's January 7, 2008 issuance of the Parties' Stipulated Privacy Protection Order; it is further

**ORDERED** that Plaintiff shall be permitted to supplement the depositions of the three witnesses already deposed in this action, if necessary as a result of Defendant's supplemental interrogatory answers or document productions.  The supplemental depositions shall be limited to new issues raised by Defendant's written discovery responses.  In addition, Plaintiff shall be allowed to depose the individual who signs the answers to Plaintiff's interrogatory.  Defendant shall bear the costs of any supplemental depositions (including the deposition of the individual signing the interrogatory answers), and the supplemental depositions shall occur during the week

of January 14, 2008; it is further

**ORDERED** that Defendant shall take Plaintiff's deposition on January 30, 2008, and shall take the depositions of any other fact witnesses revealed by Plaintiff's responses to Defendant's written discovery requests during the week of February 11, 2008; it is further

**ORDERED** that the Status Conference in this case previously scheduled for January 11, 2008 at 11:30 a.m. is VACATED. A Status Conference shall be held in this matter on Friday, March 7, 2008 at 10:30 a.m.

**SO ORDERED**.

                                                    /s/
                                                  COLLEEN KOLLAR-KOTELLY
                                                  United States District Judge