UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
BRIGITTE R. HAWKINS              )
                                 )
    Plaintiff,                    )
                                 )     CASE NO. 07CV00010
v.                               )     MOTION TO MODIFY
ALBERTO GONZALES,                )     (Next Date March 7, 2008,
   ATTORNEY GENERAL,            )         Status Conference)
                                 )
    Defendant.                   )
_____/

## CONSENT MOTION TO MODIFY ORDER

    NOW COMES PLAINTIFF, by and through her attorneys, and files this Consent Motion to modify the Court's order of January 9, 2008, directing that the Plaintiff be available to be deposed on January 30, 2008, and requesting that the discovery deadline be moved back one week to the 22nd of February, in support of said Consent motion, asserts the following:

    1. By the Court's order of January 9, 2008, discovery is set to end on February 15, 2008.

    2. The same order provides that Plaintiff must be produced for deposition on the 30th of January.

    3. On January 15, 2008, the Plaintiff is due to enter a hospital for **MAJOR** female surgery. During the course of the female operation, a number of tumors will **also** be removed, including a tumor the size of a small grapefruit.

    4. The Plaintiff will remain in the hospital for at least two days, and upon her discharge, **will be bedridden for at approximately least two weeks**.

    5. For approximately **two weeks thereafter**, she will only be able to walk with difficulty, with the aid of **pain killers**, which might impair Plaintiff's ability to comprehend the questions posed to her.

    6. Plaintiff is of the belief that if the Court gives her the time to recover from her

surgery, she believes that she will be able to walk sufficiently during the week of the 18th of February to be deposed. She also believes that whatever pain killers she is on because of her surgery, she may be able to reduce the dosage, or refrain from taking them altogether, in order not to be impaired during the deposition.

7. In their Motion for a Protective Order, counsel for Plaintiff sought to bring the problem to the Court's attention by raising the matter in footnote # 4 of the motion. (See Exhibit A),

8. Counsel for Plaintiff apologizes to the Court for not setting forth the problem more prominently in the text of the motion.

9. All other deadlines set by the Court for Plaintiff will be met, inasmuch as Plaintiff will take a laptop home to work on the other discovery requests of the Defendant.

10. **<u>Defendant will not be prejudiced</u>** since there will not be any need for the Court to reset the next status date, currently set for March 7, 2008, and has advised that the Defendant consents to the granting of the requested relief as long as Plaintiff is available by the 21st of February, 2008. (Exhibit B)

11. Counsel for the Plaintiff is confident after speaking with Plaintiff that she has a good faith belief that she will be able to attend a deposition on February 21, 2008.

<u>POINTS AND AUTHORITIES</u>

Plaintiff moves this Court, pursuant to FRCP 7(b)(1)(A), for an Order modifying its earlier order entered on January 9, 2009, setting the date for Plaintiff to be deposed for January 30th. For good cause, the Plaintiff asserts that she is scheduled for **<u>Major</u>** female surgery, which is set for the 15th of January, and she will not be in any physical condition to be deposed on the date in question because of physical incapacitation, and the probability that she may be on mentally impairing medication prescribed to relieve the pain associated with the surgery. We note that the Plaintiff was available throughout the initial discovery period. She sought to alert the Court to this problem, however, her attorneys inserted the alert in a footnote [#4] in her motion for protective order. Because the problem was not fully elevated

to a level that the Court became aware of the problem, the Court entered an order which impacts adversely upon a Plaintiff in the midst of recovery from major surgery, by requiring her to leave her sick bed to attend a deposition. A modest modification of the discovery deadline, will accommodate the concerns of the Court that discovery be completed in time for the March 7, 2008, status hearing, by permitting the Plaintiff to be deposed on a different day within the new discovery period. Moreover, the Defendant will not be prejudiced by the modification and consents to the granting of the requested relief.

## CONCLUSION

WHEREFORE, for premises considered, it is respectfully submitted that the Court should modify its order requiring the Plaintiff to appear to be deposed on January 30, 2008 and reset the time for appearance to a later date within the discovery period.

January 9, 2008                                         Respectfully submitted

                                                         //S//    Charles E. Wagner
                                                         Charles E. Wagner, Esq. (Bar # 94276)
                                                         Edward L. Allen, Esq. (Bar # 375341)
                                                         Attorneys for Plaintiff


Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Washington, D.C. 20911
(202) 210-7801
E-Mail: Wagnelliot@Aol.com
Fax: 1-202-318-7185

Edward L. Allen, Esq.
1400 Locust Road NW
Washington, D.C. 20012
(202) 262-8550
E-Mail Allen200@att.net

Counsel for the Plaintiff

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIGITTE R. HAWKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 07CV00010 (CKK) |
| v. ) | MOTION FOR PROTECTIVE ORDER |
| ) | |
| ) | (NEXT DATE: JANUARY 11, 2008 |
| MICHAEL B. MUKASEY, ) | STATUS HEARING) |
| ATTORNEY GENERAL, ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

I.      PRELIMINARY STATEMENT

Plaintiff, by counsel, pursuant to FRCP 26(c), 30(b)(1), 30(d) and 37 (d) moves the Court to enter its order protecting the Plaintiff from annoyance, oppression and undue burden associated with its effort to extend the period of within which the Defendant would take discovery [1] and in support thereof asserts the following:

1. The requirement of the Court's Order of December 28, 2007, directing the parties to "explain the exceptional circumstances" which warrant an extension of discovery cannot be satisfied by the Defendant, inasmuch as **there are no exceptional circumstances**. The

---

[1] In response to the Defendant's prior motion to extend the discovery deadline, the Court correctly noted that Defendant's counsel did not identify what discovery would occur within the requested period. Nor did Defendant's Counsel state why she had failed to complete discovery within the allotted time frame and why the discovery period should be extended. The Court also noted that Plaintiff did not identify what discovery would be completed within the extended period. The Plaintiff filed the motion as a precautionary measure and noted the resistence she was receiving from the Defendant. Plaintiff noted that she had scheduled depositions for the 18th of December and that she had outstanding interrogatories and requests for documents. Accordingly, if all went well, she would depose her witnesses and get the overdue discovery before the deadline. Therefore, she could not identify what discovery would be left for the period between December 31, 2007, and January 10, 2008.

fact that the Defendant now requests an additional six weeks within which to conduct discovery undercuts any claim that the three months provided under the Court's scheduling order were insufficient.

2. The Defendant does not assert that the discovery period allowed by the Court was somehow inadequate. Nor does it assert how events, beyond its control, worked against his orderly and timely completion of discovery. Rather, Defendant seeks discovery on the basis that the Plaintiff may want additional discovery (a circumstance that they created by their actions) and therefore, they should be allowed to enjoy a similar respite from the original discovery deadline.

3. The Defendant eschewed any and all discovery throughout the original period set aside by the Court for that purpose, argued to the Plaintiff that discovery had at the administrative level was satisfactory, and sought to thwart Plaintiff's every effort to obtain discovery. This activity on Defendant's part wasted the Court's time and that of Plaintiff's counsel. The defendant repeatedly ignored notices of deposition and refused to appear or produce its employees at the depositions. Further, the Defendant refused to turn over discovery documents requested on October 4, 2007, until the afternoon of December 28, 2007, less than one business day before the discovery deadline, and just before a holiday weekend.

4. The Defendant's attorney was reminded repeatedly of the discovery deadline and how her dilatory tactics would prejudice the Plaintiff if the lost discovery time was not somehow restored by the Court. Nevertheless, Defendant's attorney continued her dilatory tactics. (See: Exhibit A). Despite the warnings and the admonishment of the Court in its scheduling order that extensions were disfavored, Defendant flirted with disaster throughout the discovery period, neither seeking discovery nor allowing Plaintiff to enjoy the same.

Moreover, despite the note in the scheduling order advising counsel that if an extension is sought, counsel must do so "at least four business days" before the deadline, Defendant failed or refused to seek an extension until Thursday, December 27, 2007, less than four business days before the Monday (December 31, 2007), on which discovery was to expire. Defendant did not contact Plaintiff's counsel before filing his motion, as required by the rules, preferring to assume (correctly) that the Plaintiff would oppose the motion.

    5. Even when Defendant's attorney provided the overdue interrogatories, they were unsigned by the person answering the questions, as required by the FRCP. Moreover, **the answers were not provided under oath as required by the Federal Rules of Civil Procedure (FRCP)**. See FRCP 34 (b)(1) & (2). (See Exhibits B & D). It is hard to imagine that an experienced Assistant U.S. Attorney did not know that interrogatories were required to be signed under oath by the person answering the questions. As the Court can see, the documents were only signed by the Defendant's attorneys. Plaintiff's Counsel can only surmise that this was another example of dilatory tactics and slick lawyering on the part of the Defendant, inasmuch as the answers provided to the interrogatories cannot be used for the purposes contemplated by the rules.[2]

    6. The Defendant now hides behind the Privacy Act to withhold other records from the Plaintiff. Defendant's counsel has known since October 4, 2007, that a Privacy Act Order might be required. Instead of seeking a timely order from the Court or assurances from counsel regarding the confidential nature of the documents, she has waited until she

---

[2] When the failure to provide sworn signed interrogatories was brought to the attention of the Defendant's attorney in the wake of the Court's order denying the extension motion, her only game plan is to have the agency official providing the answers to execute a verification statement to be attached to the answers, instead of simply having the official re-execute the document under oath. The rule requires answers under oath, not a verification at a later time to be attached to the document.

delivered the **documents on the afternoon of December 28, 2007,** (see Exhibit C) to raise the issue of a privacy order. The delivery of overdue documents and records (requested on October 4, 2007), just three days before the close of discovery, on a holiday weekend, shows bad faith.[3]

7. Even when the Plaintiff sought a protective extension of discovery, Defendant's counsel withheld her consent (refused to respond to the requests for consent) despite the fact that Plaintiff's counsel had earlier consented to similar relief by the Defendant. If Defendant had agreed to cooperate with discovery at that time, her later motion for an extension would not have been filed and the Defendant would not have to ask the Court for relief from its deadline. Moreover, had the parties cooperated in discovery, as contemplated by the Court's scheduling order, Plaintiff and Defendant could have avoided the Court's involvement, since the parties could have resolved this problem.

8. The Defendant did not provide a Rule 26(a)(2)(B) statement on November 22, 2007, as required by the Court's scheduling order. The Defendant **now** seeks to offer a Rule 26(a)(2)(B) statement after the discovery deadline. While Plaintiff filed a 26(a)(2)(B) report in accordance with the scheduling order, she did not look for another expert, inasmuch as the Defendant did not file an opposing Rule 26a)(2)(B) report. The Plaintiff identified Barbara Blackwood as an expert, **not because she viewed Blackwood as her expert**, but because she might be called upon to give an opinion based upon her specialized knowledge within the contemplation of FRE 702. Moreover, unlike most experts, Mrs. Blackwood was neither

---

[3] We invite the Court's attention to the unreasonable Notice of Deposition Defendant's counsel filed on the night of the 28th of December. Counsel never called Plaintiff's counsel to alert him that she was serving the notice, nor did she leave a phone number where she could be reached. Although he sent e-mails to her, she did not pull them up until the 31st when she called him after 9:00 a.m. to see if he seen her e-mail and if Plaintiff was coming to the deposition. This callous attitude resulted in needless work by Plaintiff's attorneys to seek a protective order.

hired nor employed by Plaintiff to give an opinion. Rather, **she works for the Defendant** and is a witness in the case solely because she did the desk audit which is the subject of the case. If the Defendant is now allowed to call an expert to challenge the desk audit performed by its employee, Plaintiff is entitled to re-depose Blackwood whose actions are now being challenged by the Defendant for the first time, since she has an inherent bias in favor of the Defendant, her employer. By virtue of this employment relationship, **Barbara Blackwood is identified with the Defendant**. Until now, the Defendant has never challenged the desk audit or hinted that it was somehow flawed. Since Blackwood's work is now being challenged, Plaintiff must now reexamine her deposition testimony, in light anticipated attacks on her credibility. Moreover, if the Defendant is now allowed to call an expert, the Plaintiff must begin looking for an expert who can counter the testimony of Defendant's expert, and any changes Blackwood may make in her testimony to please her employer.

9. The Defendant **deposed** the Plaintiff at the administrative level and served her **with interrogatories** which she answered under oath. Despite the available information, **including Plaintiff's affidavit to the investigator**, Defendant now wishes to reopen discovery, take depositions, and send more interrogatories to Plaintiff, as well as a request for documents, even though it has the investigative file, which the Plaintiff cited as having all of her documents during the agency proceeding.[4] What the Defendant now seeks is not an extension of the discovery deadline, since it never conducted any, but a de nova discovery period containing all of the rights and privileges that attended the now expired discovery period. Further, the Defendant cannot identify any discovery he was prevented from obtaining because of a discovery period of only three months. In is noteworthy that the

---

[4] The Plaintiff, who was available throughout the discovery period set by the Court, is scheduled to have **major surgery on the 15th of January, 2008**, she will remain in the hospital for two days, and will go home to recover until the 10th of March, 2008.

parties only asked for two months discovery in their meet and confer statement. Unsurprisingly, the Defendant does not allege that the discovery period provided by the Court was somehow inadequate. No attempt has been made by the Defendant to show how events conspired to impede his discovery. Plaintiff submits that parties cannot sleep during discovery and expect to be saved at the 11th hour by an extension of the deadline. Nor may parties conspire to deny their opponent discovery to which they are entitled, and then secure the cooperation and blessing of the Court for an unimpeded discovery period.

10. We adopt by reference and incorporate herein as if fully set forth, those parts of our Motion for an Extension of the Discovery Deadline that pertains to the dilatory tactics of the Defendant, as well as the related exhibits. See FRCP 10(c).[5] We ask the Court to impose sanctions upon the Defendant for its behavior during discovery by denying it an extension of the discovery period.

## II  POINTS AND AUTHORITIES IN SUPPORT OF MOTION

A. WHERE A PARTY IGNORES AN ORDER OF THE COURT, SETTING A DEADLINE, AND THE ORDER ADMONISHES THE PARTIES THAT EXTENSIONS WILL BE VIEWED WITH DISFAVOR, ANY PARTY THAT ESCHEWED THAT DEADLINE AND OTHER PROVISIONS IN THAT ORDER REGARDING EXPERTS AND SETTLEMENT AND DOES NOT SEEK DISCOVERY IN ANY FORM AND ACTIVELY SEEKS TO FRUSTRATE THE DISCOVERY REQUEST OF THE OPPOSING PARTY, CANNOT SHOW EXCEPTIONAL CIRCUMSTANCES WARRANTING AND EXTENSION OF THE DISCOVERY PERIOD.

As the Court is aware, the purposes underlying the federal rules are to avoid surprise and the possible miscarriage of justice and to eliminate the "sporting theory of justice." In

---

[5] Plaintiff does not seek an extension of the discovery deadline. She only filed her motion as a protective measure in light of the conduct of the Defendant. She foresaw the Defendant waiting until the last day of discovery to deliver the interrogatories and the requested records. Now, she only seeks the sworn documents she is entitled to as well as the records the defendant admits are due to her under privacy order. These materials are producible under the rules requirements that a party update the discovery provided. FRCP 26(e).

re Halkin, 194 U.S. App.D.C. 257; 598 F.2d 176, 192 at n.18 (1979). "The judicial system cannot tolerate litigants who flagrantly refuse to comply with the orders of the court and who refuse to make discovery, for delay and evasion are added burdens of litigation, causing waste of judicial and legal time, are unfair to the litigants and offend the administration of justice." Denton v. Mr. Swiss of Missouri, Inc. 564 F.2d 236, 241 (8th Cir. 1977), Monsanto Company v. Ralph, 382 F.2d 1374 (Fed. Cir. 2004)(same). As the deadline for discovery approaches, discovery conduct which might have been considered "merely" discourteous at an earlier point in the litigation, may well breach a party's duties to cooperate with its opponent. See Residential Funding Group v. DeGeorge Fin. Corp., 306 F.3d 99, 112 (2d Cir.2002). Cooperation, by its definition, implies that procedural obstacles will not be raised to shield evidence which is not otherwise privileged, and that the parties will not conduct discovery in an adversarial context. As the Court is aware, the parties submitted to the Court a Rule 16.3 Report that provided a **60-day period for discovery**; the Court gave the parties **three months**!

Throughout the discovery period, the Defendant made no effort to participate or cooperate in discovery. Defendant even argued with Plaintiff that the parties had enough discovery. It eschewed the Court's deadline for providing expert witness statements and even disobeyed the Court Order's directive regarding the filing of motions at least four business days before the deadline sought to be extended. It refused to show up or produce its witnesses to be deposed on two occasions, and threatened to withhold one witness until the Court's chambers was contacted to set up a conference call with the Court. It refused to adhere to the federal rules with regard to the discovery it later produced, e.g., it submitted **unsworn, unsigned** answers to interrogatories on the eve of the discovery deadline. When Plaintiff sought an extension, it withheld its consent even though it had filed a similar motion

earlier. It now seeks through its own motion to turn the discovery process upside down by asking the Court for **de nova** discovery, including submitting a Rule 26(a)(2)(B) statement for an expert witness. We assume that testimony from an expert witness is now being sought to challenge the testimony of Defendant's own employee, relative to the desk audit. We submit that, under the "exceptional circumstances" criteria set forth in the Court's December 28, 2007, minute order, no set of circumstances can be shown by the Defendant to warrant a reopening of discovery.

> B. WHERE A PARTY ACTS IN BAD FAITH, AND ITS DILEMMA IS THE RESULT OF ITS OWN MISCONDUCT, EQUITABLE CONSIDERATIONS DO NOT ARGUE IN FAVOR OF THE REQUESTED RELIEF.

As the Court is aware, whoever requests equitable relief must do so with clean hands. The Defendant is asking the Court to exercise its discretion and grant it relief which is not otherwise obligatory under the rules. However, under the civil rules, the parties are required to cooperate with discovery. Food Lion, Inc., v. United Food & Commercial Workers Int'l Union, 103 F.3d 1007, fn. 20 (D.C. 1997)(court has wide discretion to use "inherent authority in an effort to encourage the opposing parties to cooperate responsibly with timely discovery efforts); See also, Smink v. IRS, 85 F.3d 617 (4th Cir.1996). The Court has the power to sanction parties who engage in discovery abuses, including obstruction of depositions,[6] or habitual refusal to cooperate in discovery. Thomas E. Hoar, Inc. v. Sara Lee Corp., 882 F.2d 682 (2d Cir. 1989). The record in this case reveals a serial pattern of mischief and bad faith.

The bad faith of the Defendant is reflected in the following acts:

1. Withholding discovery until the evening of December 28, 2007, less than one business day before the end of the discovery period.

2. Refusing to participate in any informal settlement conferences until the 29th of

---

[6] Perkinson v. Gilbert Robinson, Inc., 821 F.2d 686 (D.C. Cir. 1987)(sanctions appropriate for impeding deposition).

8

November, when formal mediation was to occur.

3. Insisting that no mediation occur until the 29th of November and refusing to participate in discovery until then, knowing that the delay would exhaust two-thirds of the discovery period.

4. The delay in discovery pending mediation was done in bad faith in that the Defendant only wanted to present the same offer that had been rejected during the administrative phase of the case, but to now couple that tender to an "Offer of Judgment." We mention this, **not for the prohibited purpose of establishing liability, but to show bad faith.** [7] The Defendant delayed discovery for two-thirds of the discovery period, arguing that discovery was a waste of time, if the parties could settle the case, while fully aware that the Plaintiff was not likely to accept an offer she had rejected earlier. [8] With two-thirds of the discovery period gone, Defendant could then delay Plaintiff's discovery for another thirty days, and ask the Court for an extension in order to get full discovery. Defendant sent the Plaintiff the overdue discovery on the 28th of December, one day after it sought an extension. The mediation was not sought by the Defendant in good faith. Moreover, the tardy discovery was incomplete and not in accord with the federal rules.

5. The Defendant's attorney promised to file a timely motion to extend discovery on October 24, 2007, as a condition for postponing the scheduled deposition on the 29th of October. (See Exhibit E). She then delayed until the 19th of November to actually file it. (See Exhibit F).

---

[7] The text of Rule 408, as well as its advisory committee notes, makes clear that matters discussed in settlement conferences are not admissible to prove liability or fault. However, they may be admissible for other purposes, such as to show bad faith. See, Athey v. Farmers Ins. Exch., 234 F.3d 357 (8th Cir. 2000)(statements in settlement negotiations allowed to admissible to show bad faith). The only addition to the administrative offer was the threat to file an "Offer of Judgment" unless the Plaintiff accepted. As the Court is aware, an Offer of Judgment at the administrative level would not have the same effect as here.

[8] This explains why the Defendant refused to engage in informal discussions to settle the case. If it had been revealed that their position regarding settlement had not changed, Plaintiff would not have waited for mediation, and would have moved immediately for sanctions.

6. The Defendant shielded a witness (Gunther) from deposition at the administrative level, and continued to do so in discovery before this Court. Additionally, Defendant initially refused to produce Gunther[9] at the December 18, 2007, deposition until Plaintiff's counsel contacted the Court to arrange a discovery conference. At that point, Defendant sent an e-mail indicating that all witnesses would be present. (See Exhibit G).

7. When the mediation failed to achieve a settlement, the Plaintiff sought the consent of the Defendant to an extension, and although the Defendant's counsel had filed an earlier motion for an extension, she declined to respond to Plaintiff's requests that she give her consent. Such a refusal to acknowledge the requests, or join in the motion argues that the Defendant did not support the request, and further argues that the Defendant would continue to resist the Plaintiff having the discovery she was seeking.

8. Although the Defendant's counsel stated that she would provide the responses to the requests for production of documents by the 21st of December, the documents were sent by FedEx to Plaintiff and **arrived on the 28th of December**. (Exhibit G).

9. The overdue answers to the interrogatories did not conform to the requirements of the rules, **since the interrogatories were not under oath or signed by the person answering the questions as required by FRCP 33(b)(1).** (Exhibits B & D).

10. In the wake of the Court's December 28th Order denying the parties an extension to discovery, the Defendant's attorney filed an unreasonable deposition notice, after business hours on a Friday, for a deposition to be held the following Monday. The Defendant's attorney filed the Notice and then refused to call Plaintiff's counsel to leave a number where she could be reached in the event she did not check her e-mails for a reply relative to whether he could reach his client on the holiday weekend. This failure forced Plaintiff's counsel to spend part of their weekend drafting a motion for a protective order. On the 31st of

---

[9] Defendant's counsel called Plaintiff's counsel to advise that Gunther would not be appearing at the deposition on December 18, 2007, for the incredible reason that she had "lose or use" leave to take.

December, Defendant's counsel called Plaintiff's counsel to see if he had gotten the notice and had contacted his client. The fact that she did not check her e-mails within the 24 hours after she sent the notice or leave a phone number where she could be reached, shows a callous disregard for the concerns of others and at a minimum, bad faith.

11. The above described refusal to cooperate in discovery mirrors the agency's conduct before the Equal Employment Opportunity Commission, where the Defendant refused to respond to Plaintiff's interrogatories or provide the documents requested in her discovery demand. Similarly, the Defendant shielded Gunther from discovery and refused to produce her for deposition.

12. With respect to the items the Defendant refused to produce, it has not asserted that the material was otherwise privileged, nor has it sought the protection of the Court to prevent discovery.

The aforementioned conduct of Defendant's Counsel has prejudiced Plaintiff by denying her an orderly pursuit of discovery. The Defendant's delay of production of the overdue documents until after the depositions **prejudiced the Plaintiff**, and was intended to thwart the Plaintiff's use of the information during the depositions of the witnesses, and hamper her preparation of her case. Defendant may not refuse to participate in discovery, and thwart the opposing party's entitlement to discovery, and thereafter attempt to cheat the devil at the eleventh hour by securing a window for the discovery it has avoided.

As noted above, the Defendant's motion to extend was untimely (¶2 of the Scheduling Order) because it was filed less than four business days before the deadline for discovery and long after the Defendant, with due diligence, knew or should have known that she was in need of further discovery. The attempt now by the Defendant to obtain discovery, after avoiding the process throughout the period set aside by the Court, is not made in good faith and should be denied. **However**, if the Court decides to give the Defendant a window within which to conduct discovery, in fairness the Court should permit the Plaintiff to re-depose the three witnesses whose full and complete examination was thwarted by Defendant's refusal

to cooperate in discovery and provide the timely responses to their discovery requests, as a sanction under FRCP 30(d)(2), since the refusal to cooperate with discovery impeded, delayed and frustrated the fair examination of the witnesses. Areas of inquiry would be those which counsel would have been pursued had the papers and interrogatories been provided in a timely manner and which would have identified areas of inquiry.

In footnote #2 of the Court's scheduling order, the Court warned that the parties were obliged to abide by the directives in the order and that sanctions could be imposed in a case of noncompliance. See: Scheduling Order fn#2. In this case, Defendant followed his earlier pattern of refusing to cooperate with discovery, and because Plaintiff had cooperated with discovery at the agency level, the Defendant took the position that no further discovery was warranted in this case. While maintaining that the discovery had before EEOC was sufficient, they refused to participate in mediation until the 29th of November, and then hid behind the prospective mediation to avoid cooperating with discovery.

The Defendant's motion does not show that Defendant sought an extension of discovery after mediation failed or supported the Plaintiff's request for an extension. Nor does it show that Defendant asked the Plaintiff to supplement her earlier discovery at the administrative level. In short, after the Defendant slept on his rights and refused to comply with the Court's discovery timetable, he now seeks to undo any injury to himself by seeking an extension of the discovery deadline. Accordingly, we ask the Court to deny the Defendant's request to extend the discovery deadline

CONCLUSION

WHEREFORE, for premises considered, it is respectfully submitted that the Court should:

1. Enter its Protective Order denying the request of the Defendant to extend the discovery deadline and rule that further discovery not be had by the defendant.

2. Order the Defendant to provide the answers to Plaintiff's first and second set of interrogatories under oath and in accordance with the Federal Rules of Civil Procedure.

These answers are long over due.

    3. In the event the Court grants the Defendant a window within to obtain discovery, we submit that the Court should require the Defendant to Produce the Diane Filler, Debbie Gunther and Barbara Blackwood for the purpose of examination on the tardy discovery materials.

    4. Grant the Plaintiff such other relief as deemed appropriate, including costs associated with the preparation of this pleading.

January 4, 2008                                      Respectfully submitted

                                                                  //S//    Charles E. Wagner
                                                              Charles E. Wagner, Esq. (Bar # 94276)
                                                              Edward L. Allen, Esq. (Bar # 375341)
                                                              Attorneys for Plaintiff

Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Washington, D.C. 20911
(202) 210-7801
E-Mail: Wagnelliot@Aol.com
Fax: 1-202-318-7185

Edward L. Allen, Esq.
1400 Locust Road NW
Washington, D.C. 20012
(202) 262-8550
E-Mail Allen200@att.net

Counsel for the Plaintiff

Subj: **RE: Consent Motion**
Date: 1/9/2008 6:49:10 PM Eastern Standard Time
From: Heather.Graham-Oliver@usdoj.gov
To: Wagnelliot@aol.com

As long as the Plaintiff may be deposed on either February 20 or 21, I will not object.

Heather Graham-Oliver

---

**From:** Wagnelliot@aol.com [mailto:Wagnelliot@aol.com]
**Sent:** Wednesday, January 09, 2008 6:28 PM
**To:** Graham-Oliver, Heather (USADC)
**Cc:** Allen200@att.net
**Subject:** Consent Motion

Mrs. Oliver:

The purpose of this E-mail is to get your consent to a motion to modify the Court's order of today setting January 30th as a date upon which Counsel will produce Mrs. Hawkins to be deposed. Mrs. Hawkins is due for major female surgery on the 15th of January. We noted in footnote 4, of our motion for a protective order, that we had this problem, but I guess we should have given it a more prominent place in the pleading. As noted, Mrs. Hawkins is scheduled for major female surgery on the 15th of January. She will be in the hospital for at least two days, and will be bedridden for two weeks after that. Thereafter, she will only be able to walk with great difficulty for another two weeks. What I propose is that the Court reset the deposition date to the week of the 18th of February. This is only an extension of the discovery deadline for one week. The Plaintiff believes that she should be able to walk OK after one month. We will confer with the Plaintiff by phone and have the written discovery by the date the Court set (28th of January).

Best regards

CEWagner

---

Start the year off right. Easy ways to stay in shape in the new year.

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
BRIGITTE R. HAWKINS            )
             Plaintiff,     )
                         )    CASE NO. 07CV00010 (CKK)
           v.                )    CONSENT MOTION TO MODIFY
                         )    ORDER, NEXT DATE: March 7, 2008
                         )     STATUS HEARING
MICHAEL B. MUKASEY,      )
  ATTORNEY GENERAL,       )
            Defendant.    )
_____/

**<u>CONSENT ORDER</u>**

This matter having come before the Court on the Motion of the Plaintiff to modify the date scheduled for the Plaintiff to appear to be deposed, and the Court having been advised of the grounds therefor, and it appearing that the Defendant has given his consent to the granting of the relief requested,

ORDERED, that the date in the Court's January 9, 2008, Order, directing the Plaintiff to appear and be deposed on January 30, 2008, be and hereby is modified.

IT IS FURTHER ORDERED, that the Plaintiff appear on February 21, 2008, at a time and place to be set by the Defendant to be deposed in connection with the above captioned matter.

Date: _____, 2008       _____
                                            Judge Colleen K. Kotelly
                                            U.S. District Judge

Parties to be served:

Heather Graham-Oliver, Esq.
Assistant U.S. Attorney
Office of U.S. Attorney,
555 4th Street NW
Washington, D.C. 20530

Charles E. Wagner, Esq.
Silver Spring Centre
P.O. Box 14723
Silver Spring, Maryland 20911